### TISUS CARSON v. THE STATE.

#### No. 2993. Decided April 26, 1905.

**1.—Burglary—Charge of the Court—Recent Possession.**

The court charged: "In this case the State relies upon the possession by defendant recently after the time when the offense is alleged to have been committed of the property alleged to have been so taken. Such possession of recently stolen property to warrant an inference or presumption of guilt from the circumstances alone of possession, must be personal, must be recent, must be unexplained. If the facts warrant an explanation, or if explained, such explanation must fail to satisfactorily account for such possession." Held to be a charge on the weight of the evidence.

**2.—Same—Circumstantial Evidence.**

See opinion where the evidence did not call for a charge on recent possession, but only one on circumstantial evidence.

Appeal from the District Court of Leon. Tried below before Hon. Gordon Boone.

Appeal from a conviction of burglary; penalty, two years imprisonment in the penitentiary.

No statement required.

*Joe H. Seal* and *Wm. Watson,* for appellant.—Stewart v. State, 8 Texas Ct. Rep., 877; Baldridge v. State, 8 Texas Ct. Rep., 29; Rosborough v. State, 1 S. W. Rep., 459; Orman v. State, 6 S. W. Rep., 544; Bramlete v. State, 2 S. W. Rep., 675; Lockhart v. State, 13 S. W. Rep., 1012; Scott v. State, 36 S. W. Rep., 276.

*Howard Martin,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of burglary, and his punishment assessed at confinement in the penitentiary for a term of two years; hence this appeal.

There is but one assignment that deserves to be noticed, that is, the charge of the court on recent possession. We quoted said charge, as follows: "In this case the State relies upon the possession by defendant recently after the time when the offense is alleged to have been committed

of the property alleged to have been so taken. Such possession of recently stolen property to warrant an inference of presumption of guilt from the circumstance alone of possession, must be personal, must be recent, must be unexplained, if the facts warrant an explanation, or if explained, such explanation must fail to satisfactorily account for such possession." This charge is complained of as a charge upon the weight of the testimony, and also because it is claimed there was no evidence authorizing such a charge. The charge is on the weight of the evidence. It assumes, and so instructs the jury, that they can find appellant guilty of the burglary on the fact of recent possession of property alleged to have been stolen at the time of the commission of the burglary, provided this possession was personal, was recent and unexplained. We have frequently held that a charge of this character was upon the weight of the evidence. It is singling out the fact of possession and instructing the jury that they could find appellant guilty on that alone. The charge further tells the jury that if the explanation made fails to satisfactorily account for the possession, that they could convict on the fact of possession. We have examined the record, and we fail to find any explanation made by appellant as to his possession or any recognition on his part that he was ever in possession of the alleged stolen pants. The court was not authorized to charge on the explanation in the absence of testimony on that subject. This was a case of circumstantial evidence, and the attempt was made by the State to trace the alleged stolen pants by circumstances. There was no occasion to charge on explanation of the alleged stolen property at all. We have held that a charge of this character is never called for, unless some explanation is made in that connection. None was made here. The charge on circumstantial evidence was all that was called for. Because of this erroneous charge on recent possession, the judgment is reversed and the cause remanded.

*Reversed and remanded.*