HENRY MATTISON, JR., v. THE STATE.

No. 4134. Decided November 18, 1908.

**Assault to Murder—Charge of Court—Self-Defense—Alibi.**

Upon trial for assault with intent to murder where the State's evidence showed that the injured party was struck with an axe, but it was not shown by whom; and where defendant set up the defense of an alibi and swore that he was not present at the time of the commission of the offense, and no one

testified to any other defense for him, he was either guilty of an assault with intent to murder or aggravated assault if his defense of alibi was not sustained, and it was reversible error for the court to submit a charge on self-defense. Ramsey, Judge, dissenting.

Appeal from the District Court of Leon. Tried below before the Hon. Gordon Boone.

Appeal from a conviction of assault with intent to murder; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*F. J. McCord*, Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted of assault with intent to murder, and his punishment assessed at two years confinement in the penitentiary.

The first ground of the motion for a new trial complains that the court committed error in paragraphs eighteen, nineteen and twenty of his charge in submitting the law of self-defense in said paragraphs, because it was on an issue not raised by the evidence, and was calculated to mislead and confuse the minds of the jury, and prejudice and injure the rights of defendant in this, to wit: "The only defense relied on by defendant was the defense of an alibi, and aggravated assault in case the jury found against him on his defense of alibi, because the issue of aggravated assault was raised by the testimony introduced on the part of the State. And in submitting the law of self-defense in said paragraphs, the court places the defendant in the position of relying on two inconsistent, conflicting and antagonistic defenses, one of which was not asserted by the defendant or raised by the evidence. After a careful review of the testimony in this case we find appellant's position correct. The prosecuting witness was struck with an axe one night at a dance or festival. He did not know, according to the testimony, who struck him. Whoever struck him, according to the State's evidence, committed an assault with intent to murder, or aggravated assault. The appellant and all of his testimony shows that he was not at the place where the assault was committed, or at least was not in a position to commit it. In other words, the assault was committed on the gallery. The evidence from the defense standpoint, shows that all the while, at the time of the assault, appellant was in the house talking to the owner of the premises, having been pushed into the house a short while before the prosecuting witness was struck with the axe. The court charges on alibi and also charges on self-defense. Of course, if a witness had sworn that appellant struck the prosecuting witness with an axe, under circumstances indicating self-defense, and the appellant himself had sworn that he was at another and different place, then

the two defenses, although contradictory, ought to have been charged to the jury, but no witness in this case swears that appellant struck the prosecuting witness in self-defense, nor can we find any circumstance in the record to justify the charge. It is true, after the prosecuting witness was struck and thereby rendered senseless, after recovering consciousness, on his way to the doctor, he took out his pistol, flourished it around, and wanted to know who struck him, indicating that he desired to do violence to the one who did it, but this was after the blow had been given and the prosecuting witness was on his way to the doctor. We accordingly hold that the court erred in charging upon the law of self-defense, and minifying the real defense of appellant, and inferentially stating that there was evidence indicating that he did assault the prosecuting witness, but did so in self-defense. On trial for assault to murder, where defendant as a witness swore to an alibi and no one swore to any other defense for him, it is error for the court to charge on self-defense. See Anderson v. State, 34 Texas Cr. Rep., 546. The charge outside of the error pointed out is correct. But for the error pointed out, the judgment is reversed and the cause is remanded.

*Reversed and remanded.*

RAMSEY, Judge (dissenting).—I respectfully dissent from the opinion of the majority. I concur in the conclusion that there was no issue of self-defense in the case, although there were some circumstances which explain why the trial court may have concluded that there was. I do not think that an error or misconception of this sort inducing the giving of a *defensive* charge should reverse the case. Of course, if the issue of self-defense *was* in the case and the court had *not* submitted the issue a reversal would inevitably result. If, however, the trial court in his anxiety to accord the defendant every possible right errs on mercy's side and submits an issue not made by the evidence, and *favorable* in its character, shall it be said that this is error for which the work of the trial court shall be undone and the case reversed? Are we mistaken in believing that there is yet such a thing as harmless error and such a rule as that the defendant can not complain of the action of the court if more favorable to him than he has a right to demand? The *decision* in the case cited does not sustain the ruling of the court in this case. In the Anderson case supra, the court failed to submit the issue of alibi, which was raised by the evidence, which failure or refusal was excepted to at the time and for *this* the case was reversed. True, Judge Hurt does say that the submission of the issue of self-defense not raised by the evidence, tended to intensify this error. But it was not decided that if the issue of alibi had been properly submitted that the submission of the other issue of self-defense not raised by the evidence, would have been reversible error. I am reluctant to place myself in opposition

to my brethren whose long and large experience entitles their views and opinion to great weight, but I can not, if true to my own deep conviction, forbear to express my earnest dissent from the decision rendered.

DAVIDSON, PRESIDING JUDGE (concurring).—I concur with my brother Brooks in reversing this case on account of the court having given a charge on self-defense. I concede cheerfully and believe it to be a correct proposition that ordinarily and usually where a charge, which is favorable to the accused, would not be ground for reversing a judgment. The question often turns upon the proposition that it is or is not favorable. If it be conceded that the charge is favorable, the discussion might end, but if the erroneous charge is not favorable to the accused, then it can not be treated as harmless error. There is no evidence, as I understand this record, showing self-defense. The injured party was standing on the gallery or near the steps. His assailant came up rather behind and struck him on the head with an axe. Some of the witnesses testified it was appellant. It is evident from the record that the injured party was in ignorance as to who the party was inflicting the blow. Appellant's testimony proved an alibi; that he was not at the place at the time the injured party was knocked down and knew nothing of it until the following day. So we have the two issues presented by the testimony, first, —that appellant from behind struck with an axe. The other was the absence of appellant from the scene of the assault and not participating in it. Under this state of case, as I understand the law, it was quite injurious to the appellant for the court to assume appellant's presence by giving a charge on self-defense. Self-defense assumes the presence of the party who inflicted the blow. The law of self-defense should not have been charged, and having been charged it was an assumption of the fact of appellant's presence at the difficulty and an intimation by the court that appellant's alibi theory was not true.

I, therefore, concur with my brother Brooks in reversing the judgment.