JIM REED v. THE STATE.

No. 12694. Delivered November 13, 1929.

The opinion states the case.

*M. E. Lawrence* of Eastland, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

HAWKINS, JUDGE.—Conviction is for theft of cattle, punishment being two years in the penitentiary.

Appellant was found in possession of and exercising ownership over four head of cattle which had been stolen from J. E. Samford. Appellant claimed to have bought them from Grady Daniels. The court instructed the jury if they believed appellant in good faith purchased them from Daniels, or if they entertained a reasonable doubt as to whether he did, appellant should be acquitted.

Counsel for the state requested and the court gave a special charge which instructed the jury as follows:

"Upon the trial of any person charged with the theft of any cow or cows, the possession of such stolen animal by the accused, without

a written transfer or bill of sale containing a specific description of such animal or animals, shall be prima facie evidence against the accused that such possession was illegal."

The instruction was given only in the abstract form quoted, there being no effort to explain it or to apply it to the facts of the case. Appellant filed written objections to such charge upon the following grounds: (a) that it assumed the cattle were stolen; (b) that it assumed appellant was the thief; (c) that it was upon the weight of the testimony: (d) that it was in conflict with that part of the main charge which told the jury to acquit if appellant bought the cattle from Daniels. The charge complained of contains substantially the provisions of Art. 1445, P. C. which has been in our statute since 1866. So far as we are aware it has been consistently held from the time such statute was first construed that to give it in charge to the jury in an abstract form as was here done was erroneous and a charge on the weight of the evidence, it being calculated to make the "impression upon the minds of the jury that the inquiry should be confined to the question as to whether or not the defendant had a written conveyance." Wills v. State, 40 Texas 70; Garcia v. State, 12 Tex. Cr. App. 335; Flores and Bernal v. State, 13 Tex. Cr. App. 665; Gomez v. State, 15 Tex. Cr. App. 65; Schindler v. State, 15 Tex. Cr. App. 395; White v. State, 21 Tex. Cr. App. 339. In the later cases of Willey v. State, 22 Tex. Cr. App. 408, and Gilleland v. State, 24 Tex. Cr. App. 524, such a charge was denounced as erroneous as being on the weight of the evidence without discussion of the statute. The opinion in the Gilleland case was rendered in 1888. Our attention has been directed to no case between then and the present time in which such a charge has been given or reviewed. There may be such cases but we have failed to find them in our own investigation of the subject. On page 1336 Branch's Ann. Tex. P. C. in the last paragraph under Sec. 2465 is found the following statement which is supported by many cases cited thereunder.

"If there is any inference of guilt to be drawn from the possession of property recently stolen, it is an inference of fact and not an inference of law, since such possession is but a circumstance. A charge is on the weight of the evidence if it singles out the circumstance of possession of property recently stolen and authorizes the jury to consider it against defendant or to consider it as positive or presumptive evidence of guilt."

Most of the cases cited were decided since Art. 1445 P. C. was enacted. It may not be amiss to call attention to the fact that the statute given in charge in the present case does not attempt to confine a prima facie presumption of guilt to cases of possession of *recently stolen* property, but undertakes to make such *prima facie* presumption apply regardless of the remoteness of the theft. So far as we are advised it has been the uniform holding of this court that to raise a fact inference of guilt from the circumstance of possession of stolen property accused must be shown to have been in possession thereof *recently* after the theft. Many cases may be found collated in Branch's Ann. Tex. P. C. page 1332, Sec. 2463, illustrative of possession so remote from the theft as not giving rise to any inference of guilt. It has been the further consistent announcement from this court that although a party may be found in the possession of *recently* stolen property if he makes explanation thereof when his right of possession is first questioned, and such explanation is reasonable and accounts for his possession in a way consistent with innocence, no inference or presumption arises against him, unless such explanation is shown to be untrue. (For collation of cases see page 1333, Sec. 2464, Branch's Ann. Tex. P. C., and note 35, under Art. 1410, Vernon's P. C., Vol. 3.) The article of the statute in question (1445 P. C.) apparently disregards the foregoing principles. If the validity of the provisions of said statute can be upheld, the charge quoted, being an abstract declaration and taking no account of the rights of the accused as to the presumption of innocence, would be condemned. In some instances the decisions of this state have given sanction to a statute in which it was declared that certain conditions would be prima facie evidence against the accused, but the court has uniformly demanded that an instruction to the jury applying such statute should be accompanied with an explanation and qualification protecting the accused in his right to presumption of innocence and reasonable doubt. See Floeck v. State, 34 Tex. Cr. R. 314, 30 S. W. 794; Newton v. State, 267 S. W. 272; O'Brien v. State, 90 Tex. Cr. R. 276. The omission of such explanation and qualification in the present instance would condemn the instruction given. If it was proper to give the charge at all, a correct instruction is suggested in Floeck's case. The statute now being considered may in some respects be distinguished from those upheld in the cases referred to by the difference in the subject matter to which they refer.

In Floeck's case (supra) the statute under consideration was one in which the payment to the United States Government of a tax and the securing of a license to sell intoxicating liquor was declared prima facie evidence against the accused that he was engaged in the sale of such liquor.

In Newton's case (supra) the statute in question was one making the possession of a quantity of intoxicating liquor above one quart prima facie evidence of the possession of the liquor for the purpose of sale.

In O'Brien's case (supra) the statute under consideration made proof of the desertion of a wife or child in destitute circumstances prima facie evidence that the desertion was wilful.

Liquor possessed for the purpose of sale is contraband under the provisions of the present statute, Art. 666 P. C., 1925. Liquor possessed for sale in prohibited territory was contraband at the time the Floeck case was decided. The desertion by a husband of his wife or children who are in destitute circumstances, and the refusal to maintain them is not only prohibited by law but is immoral as well. It is not unlawful to purchase a stolen animal unless the purchaser knows it was acquired by theft. The ownership, purchase or sale of animals does not involve the parties concerned in dealing with contraband articles.

Article 1445 of the Penal Code, like the other statutes mentioned above, manifests an effort of the Legislature to exercise the legitimate function of making a change in the rules governing the burden of proof. See Wigmore on Evidence, 2d Ed., Vol. 2, Sec. 1356. Whether the law in question, by reason of its verbiage or subject matter, offends against some express or implied provision of the Constitution is a matter upon which it is unnecessary to express an opinion for the reason that the charge given in the present instance is, as above stated, an impingement upon the right of the accused to a fair and impartial trial.

For this reason the case is reversed and the cause remanded.

*Reversed and remanded.*