SANDALIO TREVINO V. THE STATE.

No. 21966. Delivered March 4, 1942.

The opinion states the case.

*Reynaldo Garza, E. T. Yates,* and *H. L. Yates,* all of Brownsville, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The conviction is for the offense of knowingly receiving and concealing stolen property. The punishment assessed is confinement in the State penitentiary for a term of two years.

The State's evidence, briefly stated, shows that Santiago Lopez and Jose Vega stole three small calves from Margarito Gomez and sold them to appellant, who was operating a dairy. The calves were turned in among the dairy cattle near a public road from where they might be seen. Gomez reported the theft to the officers who went to appellant's home and found two of the calves. Appellant was not at home at the time but his wife was there. A day or two later, appellant saw Gomez and asked him why he had not come to get the other calf. The State proved by the two self-confessed thieves that they did not execute and deliver to appellant any bill of sale to the calves.

Appellant took the witness stand and admitted the purchase of the calves in question but denied that he knew at the time that they were stolen.

The court, in his charge, among other things, instructed the jury as follows:

"Upon the trial of any person charged with the theft of any animal of the cattle species the possession of such alleged stolen animal, if any, by the accused, without a written transfer or bill of sale, containing a specific description of such animal, shall be prima facie evidence against the accused that such possession was illegal."

Appellant, in due time and in the manner prescribed by law, objected to said charge and requested the court to delete it from his charge, but the court declined to do so. A charge in almost the same language was given in the cases of Gilleland v. State, 24 Tex. Cr. App. 524, and Reed v. State, 113 Tex. Cr. R. 366, and was condemned by this court as being on the weight of the evidence. We do not deem it necessary to here further discuss the same as a mere reference to the cases cited will disclose the error therein. Therefore, the judgment of conviction is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.