## F. A. STEPHENSON V. THE STATE.

No. 23097. Delivered April 4, 1945.

The opinion states the case.

*Cunningham, Boling & Allen* and *Eugene F. Mathis,* all of Lubbock, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

The appeal is from a fine of $200.00 assessed by a jury on a charge of possessing seven pints and three half pints of rum for sale in a dry area.

Officers procured a search warrant and went to the apartment presumably occupied by appellant for the purpose of searching it. They found the premises locked but the appellant appeared on the scene while the officers were endeavoring to gain entrance and furnished a key to unlock it. They found in the apartment the liquor which they exhibited to the appellant and secured his admission that it belonged to him. Upon the trial of the case a witness, Oscar Freeman, appeared and testified that the liquor belonged to him, and that the accused did not so much as know that it was there. When this witness had been subjected to cross examination and re-direct examination the court retired the jury and instructed the County Attorney to file complaint against the witness, under circumstances sufficiently set out in the opinion of even date in the Oscar Freeman case.

The statement which appellant made to the officers was ad-

mitted without objection and, taken with the circumstances, would support the jury's verdict if submitted under proper instruction.

The court, in paragraph three of his charge, instructed the jury "as a matter of law that possession of more than one quart of alcoholic beverage, and to-wit, rum, is prima facie evidence of the intention of the person in whose possession such liquor is found to sell the same." He then defines "prima facie evidence" as follows:

"The words 'prima facie evidence' as used in this charge mean that unless the possession has been sufficiently explained that such possession without explanation constitutes and is sufficient evidence to warrant a conviction of the offense charged."

This charge was excepted to, among other things, as being upon the weight of the evidence and as shifting the burden of proof. The effect of the charge is to tell the jury that unless the accused explains his possession of the rum he is guilty of the offense charged. Obviously the charge was subject to the exception leveled at it because it shifted the burden of proving his innocence to the accused.

The charge is subject to other objections but they are of such nature that they should be relieved by observing the direction to correct the foregoing.

The judgment of the trial court is reversed and the cause is remanded.