JAMES EARL CHANCELOR V. THE STATE.

No. 23721. Delivered June 25, 1947.
Appellant's Motion for Rehearing Granted November 5, 1947.

*S. D. Bennett, D. F. Sanders,* and *J. A. Veillon,* all of Beaumont, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

DAVIDSON, Judge.

Bigamy is the offense; the punishment, two years in the penitentiary.

Proof of the first marriage was made by facts showing that appellant and Jewel Miller lived together and held themselves out as husband and wife. This marriage occurred in 1943 and continued until some time in 1945, when the wife returned to the home of her father, where she has continued to reside and was so residing at the time of trial.

On June 16, 1945, appellant married Bertha Fontenot. The State charged that marriage to be bigamous, and it is for this appellant stands here convicted.

The facts stated constitute the State's case and are deemed sufficient to sustain the conviction.

Appellant did not testify nor did he offer any affirmative defense other than that suggested by the fact that the first, or lawful, wife had returned to and was living with her father prior to the alleged bigamous marriage. Appellant insists that he was entitled to have the jury instructed upon the law of circumstantial evidence.

Proof of both marriages, as well as the fact that the lawful wife was living at the time of the second marriage, was by direct testimony and constituted a prima facie case of guilt. The State's case was therefore not one of circumstantial evidence.

As a part of the charge, the jury were instructed as follows:

"You are further instructed that if you believe from the evidence beyond a reasonable doubt that the defendant, James Earl Chancelor, on or about the 16th day of June, 1945, did then and there enter into a marriage relationship with Bertha Fontenot, and that at the time of said marriage relationship he did then and there have a former wife, to-wit, Jewel Miller

Chancelor, then living to whom he, the said defendant, James Earl Chancelor, had theretofore been and was then and there legally married, then the burden of proof is upon the defendant to prove by a preponderance of the evidence that at the time of entering said marriage contract with Bertha Fontenot, that the said Jewel Miller Chancelor was absent from the State, had abandoned him, or that they had been divorced."

By this charge the trial court was apparently attempting to apply the provision of Art. 491, P. C., relative to defensive matters to the crime of bigamy. That the charge was subject to the appellant's objection that it shifted unduly the burden of proof is apparent. The defensive issues arising under Art. 491, P. C. are upon the accused to establish but these are not required to be by a preponderance of the evidence. These are deemed established when the jury believes or entertains a reasonable doubt as to the existence thereof. No question exists, then, but that the charge was not a correct presentation of the defensive issues arising under Art. 491, P. C. The question remains, however, as to whether such a charge should have been given at all.

There is no testimony, circumstantial or otherwise, that the first wife was out of the State or remained absent for five years or that she and appellant had been divorced prior to the bigamous marriage, as provided by Art. 491, P. C.

There being no testimony warranting the giving of the charge mentioned, we are at a loss to perceive how appellant was or could have been injured thereby, for any charge upon the defensive issues mentioned was more than the facts warranted.

No reversible error appearing, the judgment of the trial court is affirmed.

Opinion approved by the Court.

### ON MOTION FOR REHEARING.

HAWKINS, Presiding Judge.

Appellant's motion for rehearing is predicated on the contention that this court erred in holding that the trial court's instruction discussed in our original opinion, while erroneous, was harmless.

A further consideration of the question convinces us that appellant is right in his position.

The charge of the court must conform to, and be limited by, the allegations of the indictment, and also by the evidence. A charge presenting a defense or an issue not raised by the evidence should not be given, and a charge which is given in the abstract and is not applicable to the evidence should be omitted. The foregoing general principles, among others, will be found stated in note number eleven under Art. 658, Vernon's C. C. P.

Art. 490 P. C. defines the offense of bigamy. Art. 491 P. C. reads as follows:

"The preceding article does not apply to one whose husband or wife shall have been continually remaining out of the State or shall have voluntarily withdrawn from the other and remained absent for five years, the one marrying again not knowing the other to be living within that time, nor to any one who has been legally divorced."

Appellant did not testify and offered no defensive testimony through any witness. There was no evidence that appellant's first wife was out of the State or had remained out of the State for five years, or that she had "withdrawn from the other and remained absent for five years," nor that appellant and his first wife had been divorced.

The court properly charged the jury that if they believed from the evidence beyond a reasonable doubt that appellant had married the second wife (naming her) and that at the time of such marriage he was lawfully married to a former wife (naming her) who was then living, to find appellant guilty. Here the instructions should have stopped, with the exception of the presumption of innocence and reasonable doubt. Immediately following this instruction the trial court gave the charge set out in our original opinion. Appellant filed written objections to such charge, as follows: "* * * because this instruction places the burden of proof upon the defendant; because this is calling attention to the jury that defendant has failed to produce evidence on his possible defenses; because same is a comment on the evidence; because same is a comment on the defendant's failure to testify; because same singling out evidence and a comment on his failure to produce same and because the same is giving an abstract proposition of law on matters that are not in issue and because same is an attempt by the court to tell

the jury that the State is not required to disprove defendant's defenses, and is an attempt by the court to present the State's theory of the case without any evidence to support same."

It is the absolute province of the jury to determine the weight of the State's testimony, and whether they think an accused has been proven guilty. Any instruction which tells the jury they should convict, thereby withdrawing from them their exclusive right to pass upon the facts would be error; or any instruction from which the jury might conclude that such was the meaning of the court would be error and harmful. If the trial court was attempting to apply the provisions of Art. 491 P. C. in the charge under consideration it fell far short of accomplishing that purpose. In the first place, it was purely the statement of an abstract proposition which was not the law; it made no effort to apply it to any issue in the case, and indeed, could not have made such application because there was no evidence raising any such issue. The result was that the jury was left free to make such application of the instruction as they thought proper. That under the circumstances here present the instruction was confusing to the jury and hurtful to appellant is highly probable. It would not have been unnatural for the jury to have understood the instruction to mean that if appellant had not proven the supposed defensive matters mentioned in the charge they should convict.

We do not consider further the probable effect of said erroneous charge, but refer to the following cases for discussion of the principle involved. Mattison v. State, 54 Tex. Cr. R. 514, 114 S. W. 824; Stephenson v. State, 148 Tex. Cr. R. 287, 186 S.W. (2d) 685; Ratliff v. State, 114 Tex. Cr. R. 142, 25 S. W. (2d) 343; Carson v. State, 48 Tex. Cr. R. 157, 86 S. W. 1011; Reed v. State, 113 Tex. Cr. R. 366, 21 S. W. (2d) 684.

Having reached the conclusion that we were not justified in holding that the complained of charge was harmless, appellant's motion for rehearing is granted and the judgment of conviction is now reversed and the cause remanded.