Jim CRYAN, Appellant,

v.

The STATE of Texas, Appellee.

No. 09-90-014 CR.

Court of Appeals of Texas, Beaumont.

Sept. 12, 1990.

Rehearing Denied Oct. 4, 1990.

Charles Meyers, Lufkin, for appellant.

Ed C. Jones, County Atty., Lufkin, for state.

## OPINION

BURGESS, Justice.

A jury convicted appellant of misdemeanor unauthorized practice of dentistry and assessed punishment at one years' confinement in the Angelina County Jail and a $2,000 fine. The court probated the jail term. Appellant raises six points of error.

Jim Cryan was charged with unauthorized practice of dentistry by making an impression of the mouth and gums of Billy Murphy for the purpose of aiding in the construction of false teeth. Mr. Cryan is a denturist who admitted he took the impressions of Mr. Murphy's mouth but claimed he did so pursuant to a prescription from a medical doctor. Appellant argues that medical doctors are exempt from the laws regarding the unauthorized practice of dentistry and that he is authorized to make dentures pursuant to medical doctors' prescribed authority.

The first two points of error complain of the following jury instruction:

> You are further instructed that while physicians and surgeons are exempt from the law regulating the practice of dentistry, they may not delegate to others the making of impressions of human teeth or gums for the purpose of aiding in the construction of false teeth.

Point of error one contends the instruction is an incorrect statement of the law. The Dental Practices Act is contained in Chapter 9 of Title 71 of the Revised Civil Statutes of Texas. TEX.REV.CIV.STAT. ANN. art. 4548 (Vernon 1976) provides:

> No person shall practice or offer or attempt to practice dentistry or dental surgery in this State, without first having obtained a license from the State Board of Dental Examiners, as provided for in this law, provided that physicians and surgeons may, in the regular practice of their profession, extract teeth or make application for the relief of pain.

TEX.REV.CIV.STAT.ANN. art. 4551a(3) (Vernon Supp.1990) includes as persons who shall be regarded as practicing dentistry:

> (3) Any person who shall offer or undertake in any manner to prescribe or make, or cause to be made, an impression of any portion of the human mouth, teeth, gums, or jaws, for the purpose of diagnosing, prescribing, treating, or aiding in the diagnosing, prescribing, or treating, any physical condition of the human mouth, teeth, gums, or jaws, or for the purpose of constructing or aiding in the construction of any dental appliance, denture, dental bridge, false teeth, dental plate or plates of false teeth, or any other substitute for human teeth.

TEX.REV.CIV.STAT.ANN. art. 4551b (Vernon Supp.1990) lists twelve exceptions to the definition of persons who shall be regarded as practicing dentistry. One of the exceptions is "(4) physicians and surgeons legally authorized to practice medicine as defined by the law of this state."

Appellant argues that Article 4551b(4) excepts him from the definition of the practice of dentistry because TEX.REV.CIV. STAT.ANN. art. 4495b, sec. 3.06(d)(1) (Vernon Supp.1990), part of what is known as the Medical Practice Act, provides in part:

> [A] person licensed to practice medicine shall have the authority to delegate to any qualified and properly trained person or persons acting under the physician's supervision any medical act which a reasonable and prudent physician would find is within the scope of sound medical judgment to delegate if, in the opinion of the delegating physician, the act can be properly and safely performed by the person to whom the medical act is delegated and the act is performed in its customary manner, not in violation of any other statute, and the person does not hold himself out to the public as being authorized to practice medicine.

Appellant claims that physicians are excluded from the operation of the Dental Practices Act, and physicians are allowed to delegate the performance of medical acts, and thus he is excluded from the definition of the practice of dentistry. Appellant does not claim that his conduct comprised the extraction of teeth or application for relief of pain as described in Article

4548. Article 4551b provides specific exceptions which do not include delegatees of physicians or surgeons. Thus, while physicians and surgeons are themselves excepted from the Dental Practices Act definition of the practice of dentistry, their delegatees are not unless such delegatee falls within one of the enumerated Article 4551b exceptions.

 The instruction, however, stated that physicians and surgeons may not delegate the making of impressions of human teeth or gums for the purpose of aiding on the construction of plates of false teeth. This is a misstatement of the law because physicians, excepted from the definition of dentistry, may pursuant to Article 4495b delegate the act without themselves violating the Dental Practices Act, and may likewise delegate to a licensed dentist or anyone within the Article 4551b exception without the delegatee violating the Dental Practices Act. Thus, it was error to give the instruction. As appellant objected to giving the instruction, the question on appeal is whether the error is calculated to injure the rights of the defendant, which means there must be some harm to the accused from the error. *Almanza v. State,* 686 S.W.2d 157, 171 (Tex.Crim.App. 1985) (opinion on rehearing). Appellant does not contend that, absent the proper delegation of a physician's authority, he is personally within any of the Article 4551b exceptions, nor is he a physician or dentist; therefore, the error was harmless. Point of error one is overruled.

 Point of error two avers the instruction is an inappropriate comment on the weight of the evidence. The charge must distinctly set forth the law applicable to the case without expressing any opinion as to the weight of the evidence, summing up the testimony, or discussing the facts. TEX.CODE CRIM.PROC.ANN. art. 36.14 (Vernon Supp.1990). Here, the trial court not only denied the requested jury instruction on appellant's alleged defense, it instructed the jury to disregard it. Appellant admitted to the conduct charged. Much of the testimony proffered, without objection, by both the state and appellant,

concerned the medical practice of dispensing prescriptions for dental appliances. It is the absolute province of the jury to determine the weight of the state's testimony and whether they think the accused has been proven guilty; any instruction which tells them they should convict or from which the jury might conclude that such was the meaning of the court would be error and harmful. *Chancelor v. State,* 151 Tex.Crim. 98, 205 S.W.2d 581 (1947). To point out to the jury that the court believes appellant has failed to raise his defense is a comment on the weight of the evidence that indicates the court's opinion of the case. Although the instruction is harmless as a misstatement of the law, as a comment on the weight of the evidence some harm is shown because the charge emphasizes appellant's attempt and failure to obtain a jury instruction on his sole defensive theory. In light of the entire record the error was calculated to injure the rights of the defendant. TEX.CODE CRIM.PROC.ANN. art. 36.19 (Vernon 1981). Point of error two is sustained.

Point of error three claims there is no evidence to support the conviction for practicing dentistry without a license. Point of error four contends there is insufficient evidence to support the conviction in this case. Billy Murphy testified that appellant made impressions of his mouth and fitted him with dentures. Appellant also testified that he made the impressions of Mr. Murphy's mouth for the purpose of constructing dentures, that he constructed and fitted the dentures, and that he is not a licensed dentist or physician. Appellant admitted performing acts which constitute the practice of dentistry and is not within the enumerated exceptions. TEX.REV.CIV.STAT. ANN. art. 4551b, *supra.* Points of error three and four are overruled.

Point of error five complains the trial court erred in admitting evidence of extraneous offenses during trial on guilt. Point of error six complains of the admission of evidence regarding a civil injunction. We will examine these points together.

 The state offered evidence on direct that appellant had been making dentures

for years and that an investigator for the Board of Dental Examiners had talked to appellant some two years before the date of the offense about making dentures on a physician's prescription. Before appellant testified on his own behalf, the trial court granted his motion in limine regarding a 1980 conviction for unlawful practice of dentistry. The misdemeanor charge resulted in probation which was successfully served. Appellant testified he had been making dentures since 1948, and since 1973 or 1974 he had made dentures by doctors' prescriptions only. He testified Billy Murphy presented him with a denture prescription from Murphy's family doctor. Appellant claimed the prescription authorized him to act for the doctor in making the dentures. The state's attorney then sought to cross-examine appellant on the prior misdemeanor probation and a 1974 civil injunction against the practice of dentistry based on appellant's testimony that since 1973 his denture making has been authorized by medical prescription because there was no evidence in the prior cases that he had obtained a prescription from anyone. The state then cross-examined appellant on these extraneous matters, over defense objection, and showed that appellant had not obtained a prescription in the prior cases. The extraneous offenses were useless to refute appellant's defensive theory because they did not involve physician delegation. Likewise, they were inadmissible for impeachment purposes. Evidence of prior criminal convictions shall be admitted for the purpose of attacking the credibility of a witness if elicited from him, but only if the crime was a felony or involved moral turpitude, and the probative value outweighs its prejudicial effect. TEX.R. CRIM.EVID. 609(a). Evidence of a prior conviction is not admissible for impeachment purposes if probation has been satisfactorily completed and that person has not been convicted of a subsequent crime which was classified as a felony or involved moral turpitude. TEX.R.CRIM.EVID. 609(c)(2). Appellant's statements on direct did not give the jury a false impression of his character. *Compare Hinojosa v. State,* 780 S.W.2d 299 (Tex.App.—Beau-

mont 1989, pet. ref'd). The probative value of the evidence, that appellant had obtained prescriptions since 1980 instead of since 1973, is outweighed by the prejudicial effect. Having found error, we must determine if the error was harmless beyond a reasonable doubt. TEX.R.APP.P. 81(b)(2). In light of appellant's testimony, which established all of the elements of the offense, we find beyond a reasonable doubt the error did not contribute to the finding of guilt. As we sustained point of error two, it is not necessary to determine whether beyond a reasonable doubt the error did not contribute to the punishment assessed. Points of error five and six are overruled in part and not reached in part.

Point of error two is sustained. The judgment of the trial court is reversed and the cause remanded for new trial.

REVERSED AND REMANDED.

BROOKSHIRE, Justice, dissenting.

This dissent is respectfully filed. The Court reverses the judgment and conviction in this misdemeanor case. The reversal and remand are based on point of error two, as presented by Appellant. Appellant's point of error two complains and charges error to the trial court in instructing the jury to the effect that physicians and surgeons may not delegate to others the making of impressions of human teeth or gums for the purpose of aiding in the construction of any plate of false teeth. The basis for the point of error is that the instruction involved was an inappropriate *comment on the weight of the evidence.*

The thrust of Appellant's complaint is based on TEX.CODE CRIM.PROC.ANN. art. 36.14 (Vernon Supp.1990). Appellant argues that article 36.14 prohibits the trial court from commenting on the weight of the evidence in the charge that is submitted to the jury. Article 36.14 mandatorily requires the trial judge to deliver a written charge, distinctly setting forth the law applicable to the case. This charge to the jury is to be delivered before the arguments begin. It is also correct that the trial judge is not to express any opinion as to the weight of the evidence; nor may he

sum up the testimony; nor may he use any argument in his charge calculated to arouse the sympathy or excite the passions of the jury. Nevertheless, the trial judge "shall" deliver a written charge to the jury distinctly setting forth the law applicable to the case.

Appellant in his point of error number two relies solely on *Thomason v. State,* 147 Tex.Cr. 629, 183 S.W.2d 973 (Tex.Crim. App.1944), for the proposition that the trial court is not permitted in its charge to the jury to single out particular facts or specific parts of the testimony. That is the gravamen of Appellant's argument. It is clear that under the Medical Practice Act a licensed medical doctor has the right to treat a patient.

An exception to the definition of dentistry as contained in TEX.REV.CIV.STAT. ANN. art. 4551b (Vernon Supp.1990) is spelled out: "physicians and surgeons legally authorized to practice medicine as defined by the law of this state."

But there are statutory limitations upon physicians. The Medical Practices Act, TEX.REV.CIV.STAT.ANN. art. 4495b, sec. 3.06(d) provides that a licensed physician shall have authority *to delegate to any qualified or properly trained person or persons acting under the physician's supervision any medical act which a reasonable and prudent physician would find is within the scope of sound medical judgment to delegate if, in the opinion of the delegating physician, that act can be properly and safely performed by the person to whom the medical act is delegated and which act is not in violation of any other statute.* Note the delegated act *must not be in violation of any other statute.* This delegation of authority relates to and is restricted to medical acts and does not extend to acts that involve the correct, direct practice of dentistry. Even so, the delegated acts must be under the *supervision of the licensed medical physician.*

Furthermore, a correct construction of these statutes when read together would be that an act of delegation which in turn would be a violation of the Dental Practices Act, would be outside of the exceptions to the Dental Practices Act; nor would these delegated acts be within the scope of the Medical Practice Act. Many decades ago, in the early days of the healing arts, physicians and surgeons were generally allowed to practice dentistry. However, more recent authorities take the position that require a strict construction of the statutes and a strict and limited interpretation of the exceptions in the statute.

TEX.REV.CIV.STAT.ANN. art. 4495b (Vernon Supp.1990) is entitled the Medical Practice Act. Article 4495b, sec. 3.06(d)(1), specifically provides that in certain circumstances a licensed physician may delegate certain medical acts *to persons acting under that physician's supervision.* But that act must not be in violation of any other statute. Hence, the delegation of authority referred to immediately above is limited. The delegation does not include the practice of dentistry. And by its clear terms, the statute definitely requires that even the medical acts must be performed under the supervision of the delegating physician.

There is cogent evidence and authority that if a medical doctor were to prescribe a procedure in dentistry, then such a prescription should and would have to conform to a standard approach. This standard approach would be especially true in relationship to the manufacturer of dental appliances. A medical expert so testified.

A document said to be a prescription was shown to the medical expert. It was undated. A patient's name was written in. There was a notation of "ready for you to make". This matter was said to be an incomplete prescription. The medical witness, Dr. Babbin, testified that there were no instructions at all on the prescription as follows:

A ... There's no instructions on this prescription at all. It doesn't tell you anything about the patient except his name. I have no way of knowing what came with the prescription; whether a set of impressions came with it or what. *But this is not telling the laboratory man any-*

*thing.* It just has a name and at the bottom it has a doctor's signature, which I can't read. And that's all there is. (Emphasis added)

This Dr. Babbin was further asked:

Q Have you not already testified this afternoon for the benefit of the jury that in fact when instructions are given to a lab to prepare dental appliances that it not only includes specific instructions as to what is to be done, but it's also accompanied by impressions which are made by whoever is preparing the prescription?

A Yes.

Article 4551a(3) defines practicing dentistry, inter alia, as:

Any person who shall offer or undertake in any manner to prescribe or make, or cause to be made, an impression of any portion of the human mouth, teeth, gums, or jaws, ... for the purpose of constructing or aiding in the construction of any dental appliance, denture, dental bridge, false teeth, dental plate or plates of false teeth, or any other substitute for human teeth.

Hence, in view of the posture of the statutes and the state of the record in the case, *it was not fundamental error as claimed by the Appellant when the trial judge instructed the jury that physicians and surgeons may not delegate to others the making of impressions of human teeth or gums for the purpose of aiding in the construction of any plate of false teeth.*

At trial, the objection was that after the word "dentistry" in the fourth paragraph of the charge of the court that the rest of the verbiage starting with "they may" and ending with "false teeth" is a comment on the weight of the evidence. No where does the objection point out with reasonable specificity to the trial judge why the verbiage or what part of the verbiage constituted a comment on the weight of the evidence. Hence, the objection is too broad and general. Nothing is presented for appellate review. The objection is worded in the form of a conjunctive sentence. The objection in a conjunctive sentence complained that the verbiage diminished the rights of physicians and surgeons under the Dental Practices Act and under the Medical Practice Act to delegate their authority. But this delegation of authority by a physician applies to a medical act—not a direct dental act. And, again, this delegated medical act may not be in violation of any other statute.

Furthermore, the Board may determine whether or not an act constitutes the practice of medicine and may determine whether any medical act may or may not be properly or safely delegated by physicians. Moreover, the Medical Practice Act read in conjunction with TEX.REV.CIV.STAT. ANN. art. 4551a, defines the practice of dentistry. Article 4551a(4), (5), (6), (7), specifically spells out that any person who makes, fabricates, processes, or constructs any full or partial denture or any fixed or removable dental bridge or appliance, or any substitute or corrective device or appliance for the human teeth, gums, jaws, mouth, alveolar process or any part thereof for another, must do so with a written prescription or work order *signed by a dentist legally engaged in the practice of dentistry in this state.*

Hence, the charge was clearly not a comment on the weight of the evidence nor did it diminish the rights of physicians and surgeons under the Medical Practice Act or the Dental Practices Act by the very terms thereof. Since the Dental Practices Act dealt with a specific subject it took precedence over the Medical Practice Act which dealt with a very broad subject but, nevertheless, permitted only medical acts. Here, the physician, if there was one, attempted to delegate a direct act of dentistry. The instructions by the court and the application of the law to the facts were clearly correct in view of the language of article 4551a(4), (5), (6). There was no error.

Appellant herein is assumed to know the law and he has had experiences in the past with the problems of the regulation of the practice of the healing arts. The trial judge correctly charged on the law. Since

the Court reverses, I must respectfully dissent.