Roy Robert RAWLINGS, Appellant,

v.

The STATE of Texas, State.

No. 2–92–414–CR.

Court of Appeals of Texas,
Fort Worth.

March 23, 1994.

David K. Chapman, Fort Worth, for appellant.

Tim Curry, Dist. Atty., Betty Marshall and Charles M. Mallin, Asst. Chiefs Appellate Section, Lynn Allison Bollish, Lisa Amos, Lisa Mullen, Assts., Fort Worth, for State.

Before FARRIS, LATTIMORE and DAY, JJ.

## OPINION

DAY, Justice.

Roy Robert Rawlings appeals from his conviction for aggravated sexual assault of a child. Tex.Penal Code Ann. § 22.021 (Vernon 1989). The jury assessed punishment at sixty years confinement.

We affirm.

In two points of error, Rawlings complains the trial court improperly overruled his objections: (1) to extraneous offense evidence; and (2) that the charge contained an unwarranted definition of penetration.

Immediately after opening arguments but before any witnesses were called, defense counsel requested permission to approach the bench. After an off-the-record conference, the trial court asked the bailiff to retire the jury. Outside the jury's presence, the court asked the parties, "[W]hat motion do you have now?" The prosecutor, defense counsel, and the court then discussed Rawlings' objections to extraneous offense evidence. The prosecutor stated:

> I believe what Defense Counsel's objection is going to be is that we must not introduce offenses previous to the one charged as between this Defendant and the same victim. He is contending that those are extraneous, and we are contending that those are an ongoing course of conduct in committing the sexual abuse and that they are admissible under Boutwell[1] and its progeny.

After hearing argument from both sides, the trial judge stated: "I'm going to deny your Motion in Limine, if that's what it goes for, Counsel." Defense counsel responded: "Thank you, Judge. I also have one more Motion in Limine."

After the trial court ruled on the defense's second motion in limine, the State called its first witness and proceeded with its case-in-chief. During the guilt/innocence phase of trial, the complainant testified about several occasions on which Rawlings sexually as-

1. *Boutwell v. State,* 719 S.W.2d 164 (Tex.Crim. App.1985) (opinion on reh'g).

saulted her besides the instance alleged in the indictment. Defense counsel did not object to this testimony.

■ In his first point of error, Rawlings complains this evidence was improperly admitted. He also contends he preserved his objection to the evidence for appellate review under TEX.R.APP.P. 52(b); *Lankston v. State*, 827 S.W.2d 907 (Tex.Crim.App.1992); and *Ethington v. State*, 819 S.W.2d 854 (Tex. Crim.App.1991).

■ If an appellant claims the trial judge erred in admitting evidence offered by the State, the error must have been preserved by a proper objection and a ruling thereon. *Ethington*, 819 S.W.2d at 858. The objection must have been timely, and the defense must have stated the basis for the objection unless the particular ground was apparent from the context. *Id.; Lankston*, 827 S.W.2d at 908–09. Further, Texas law generally requires a party to continue to object each time inadmissible evidence is offered. *Ethington*, 819 S.W.2d at 858. There are two exceptions to this "contemporaneous objection" rule: (1) the "running" objection; and (2) an objection under TEX.R.APP.P. 52(b). *Id.* at 858–59.

Rawlings made no contemporaneous objection to the extraneous offense evidence. In addition, he did not request or receive a running objection. Consequently, we must consider whether Rawlings' objection was sufficient to preserve error under TEX. R.APP.P. 52(b). Rule 52(b) provides, in pertinent part:

> When the court hears objections to offered evidence out of the presence of the jury and rules that such evidence be admitted, such objections shall be deemed to apply to such evidence when it is admitted before the jury without the necessity of repeating those objections.

"This rule allows defense counsel to lodge a valid objection to *all* the testimony he deems objectionable on a given subject at one time out of the jury's presence...." *Ethington*, 819 S.W.2d at 859 (emphasis in original). When the trial court hears and overrules objections to evidence outside the jury's presence, those objections need not be made again when the evidence is actually presented to the jury. *Id.* at 858.

Rawlings asserts his objection falls under the purview of Rule 52(b) because it was made outside the jury's presence when the trial court was in a position to do something about it. The State counters that the objection was actually a motion in limine and preserved nothing for appellate review.

■ The granting or denying of a motion in limine, without more, preserves nothing for appellate review. *Nunfio v. State*, 808 S.W.2d 482, 484 n. 1 (Tex.Crim.App. 1991); *Gonzales v. State*, 685 S.W.2d 47, 51 (Tex.Crim.App.), *cert. denied*, 472 U.S. 1009, 105 S.Ct. 2704, 86 L.Ed.2d 720 (1985). Rather, a defendant must object on the proper grounds at the very time the evidence is offered at trial and must secure a ruling from the court. *Gonzales*, 685 S.W.2d at 51; *Hernandez v. State*, 767 S.W.2d 902, 903–04 (Tex. App.—Corpus Christi 1989, pet. ref'd), *aff'd*, 800 S.W.2d 523 (Tex.Crim.App.1990). Moreover, the trial court's ruling on a motion in limine is not within the scope of TEX.R.APP.P. 52(b). *Norman v. State*, 523 S.W.2d 669, 671 n. 1 (Tex.Crim.App.), *cert. denied*, 423 U.S. 930, 96 S.Ct. 280, 46 L.Ed.2d 259 (1975); *Hernandez*, 767 S.W.2d at 804.

■ Thus, in order to resolve whether Rawlings has preserved error on his complaint, we must determine whether defense counsel's objection to the extraneous offense evidence was actually a motion in limine or an "objection[ ] to offered evidence out of the presence of the jury...." Rule 52(b). Regardless of the label used by the trial judge and defense counsel, we look to the substance of the objection or motion to determine its effect. *Hernandez*, 767 S.W.2d at 904. After examining the statement of facts and the case law on this issue, we conclude Rawlings' objection was more akin to a motion in limine than to an objection under Rule 52(b).

■ A motion in limine is a method of raising objection to an area of inquiry prior to the matter reaching the ears of the jury through a posed question, jury argument, or other means. *Norman*, 523 S.W.2d at 671. As such, it is wider in scope than the sustain-

ing of an objection made after the objectionable matter has been expressed. *Id.*

A true motion in limine does not usually seek an immediate ruling from the trial court. Rather, it seeks a ruling from the court ordering the holding of a hearing outside the jury's presence before any mention is made of the evidence. *Nunfio,* 808 S.W.2d at 484 n. 1. A ruling on a motion in limine is merely preliminary because, in most cases, a trial judge is not in a position to rule on the admissibility of evidence before trial begins. *Gonzales,* 685 S.W.2d at 51; *Carlisle v. State,* 818 S.W.2d 156, 158 (Tex.App.— Houston [1st Dist.] 1991, no pet.); *Hernandez,* 767 S.W.2d at 904. Thus, the court's decision on the matter presented in the motion in limine is subject to reconsideration throughout the course of trial. *Norman,* 523 S.W.2d at 671.

In addition, a motion in limine is generally broad in scope, rather than specific. This type of motion seeks no definitive, final ruling on the admissibility of specific evidence. *See Nunfio,* 808 S.W.2d at 483–84 & 484 n. 1 (specific ruling on specific question that was narrower than subject matter of State's motion in limine preserved complaint for review); *Norman,* 523 S.W.2d at 671 n. 1 (unlike ruling on motion to suppress, ruling on motion in limine is not a ruling on admissibility of specific evidence); *Carlisle,* 818 S.W.2d at 158–59 (motion that sought to exclude outcry witness's testimony about details of offense was not a motion in limine because it sought to exclude specific evidence from one particular witness); *Hart v. State,* 818 S.W.2d 430, 435 (Tex.App.—Corpus Christi 1991, no pet.) (motion to exclude specific, illegally seized evidence is motion to suppress); *Hernandez,* 767 S.W.2d at 903–04 (request to exclude specific reputation testimony from certain witnesses is not a motion in limine).

In summary, a motion in limine characteristically includes: (1) an objection to a general category of evidence; and (2) a request for an instruction that the proponent of that evidence approach the bench for a hearing on its admissibility before offering it. Conspicuously absent from a motion in limine

is a request for a ruling on the actual admissibility of specific evidence.

In contrast, Rule 52(b) seems to require both specific objections and a ruling on the admissibility of contested evidence. In fact, we question whether Rule 52(b) comes into play until specific evidence is actually offered for admission. Rule 52(b) only provides that complaints about the admission of evidence are preserved when the court hears objections to *offered evidence* and *rules* that such evidence shall be *admitted.*

In our case, no evidence—specific or otherwise—had been offered for admission. Before any witnesses were called, the State and the defense merely argued in general terms about whether the State could "introduce offenses previous to the one charged as between this Defendant and the same victim." At that point, the court knew none of the specifics of the allegedly extraneous offense evidence. In addition, the court did not rule on the admissibility of all extraneous offense evidence that the State might seek to offer. Rather, the court stated: "I'm going to deny your Motion in Limine, if that's what it goes for, Counsel." Since Rawlings neither requested nor received a ruling on the admissibility of the State's evidence, he failed to preserve error under Rule 52(b).

Further, defense counsel's objection resembled a motion in limine in two ways: (1) it was an objection to a general category of evidence; and (2) defense counsel requested no ruling on the actual admissibility of evidence. We realize defense counsel did not request an instruction that the State approach the bench for a ruling on the admissibility of any extraneous offense evidence before offering it. Under the circumstances presented here, however, we do not believe defense counsel's failure to request this instruction changed the nature of the motion. By denying the motion in limine, the judge, in essence, ruled the contested evidence was not subject to such an instruction.

In addition, our review of the record shows defense counsel filed a motion in limine pertaining to extraneous offense evidence on November 7, 1991, ten-and-a-half months before trial. In that motion, defense counsel asked the trial court to:

order the District Attorney not to mention or allow [sic] to in any way an extraneous offense on the part of the defendant without first advising the court of this intention, so that the jury may be removed and a hearing held to determine the admissibility of the extraneous offense.

Although the judge did not refer to this motion in the record, he could have believed he was ruling on it during the hearing in question.

Because Rawlings failed to preserve error under Rule 52(b) and because his objection most closely resembles a motion in limine, we find Rawlings has waived his first point of error.

■■■ In point two, Rawlings complains the trial court improperly overruled his objection to the jury charge. The court charged the jury, in pertinent part, as follows:

> One of the elements in this case is "penetration". The burden is upon the State to prove each and every element of the offense, if any, beyond a reasonable doubt. *You are instructed that "penetration" is complete however slight.* [Emphasis added].

Rawlings contends this instruction is a comment on the weight of the evidence and diminished the State's burden of proof.

In *Galloway v. State,* 716 S.W.2d 556 (Tex. App.—Waco 1986, pet. ref'd), the Waco Court of Appeals held this instruction is proper. *Id.* at 557. Rawlings urges this court to re-examine and reject *Galloway* because the cases on which it relies, *Campos v. State,* 172 Tex.Crim. 179, 356 S.W.2d 317 (1962) and *Henry v. State,* 132 Tex.Crim. 148, 103 S.W.2d 377 (1937), "do not support the breadth of its holding." We are unpersuaded by this argument.

The appellant in *Campos* complained about the trial court's instruction on penetration. The court had instructed the jury that "the penetration of the sexual organ of the said [complainant] by the male organ of the defendant must be proved beyond a reasonable doubt" and that the slightest penetration of the body of the female by the sexual organ of the male is sufficient to prove penetration. *Campos,* 356 S.W.2d at 319. The Court of

Criminal Appeals found nothing amiss in this instruction. *Id.*

In *Henry,* the Court of Criminal Appeals held the jury should have been charged that "act of intercourse" means "any degree of penetration, however slight, of the person of [the] prosecuting witness by the defendant." *Henry,* 103 S.W.2d at 380.

Based on the holdings in all these cases, we find the instruction Rawlings complains of is not a comment on the weight of the evidence.

Rawlings asserts the trial court's "definition" of penetration is "like" the instruction in *Cryan v. State,* 798 S.W.2d 333 (Tex. App.—Beaumont 1990, no pet.), although he does not say how. The contested instruction in *Cryan* stated that physicians and surgeons may not delegate the making of human teeth or gum impressions to make false teeth. *Id.* at 335. The *Cryan* court found this instruction was both a misstatement of the law and a comment on the weight of the evidence because it alerted the jury that the trial court believed the defendant had failed to raise his defense. *Id.*

The instruction of which Rawlings complains is not a misstatement of the law. *See Sherbert v. State,* 531 S.W.2d 636, 637 (Tex. Crim.App.1976); *Zuniga v. State,* 811 S.W.2d 177, 180 (Tex.App.—San Antonio 1991, no pet.) (penetration is proven by the showing of any penetration, no matter how slight). Further, Rawlings does not contend the instruction on penetration shows the trial court believed Rawlings failed to raise any defenses he may have had. In fact, aside from his bald assertion, Rawlings makes no effort at all to delineate how he believes the contested instruction is a comment on the weight of the evidence. Thus, *Cryan* is not on point in this instance.

Finally, the trial court's instruction on penetration is not a definition. The court did not define that term for the jury or otherwise advise jurors what constitutes penetration. Instead, the court merely instructed the jury that the penetration element of the State's case would be satisfied if the evidence showed penetration, however slight, beyond a reasonable doubt. Notably, Rawlings does

not challenge the sufficiency of the evidence on this issue.

In light of the case law on this issue and the fact that Rawlings has not shown how the instruction was a comment on the weight of the evidence, we overrule point of error two.

The judgment of the trial court is affirmed.