In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-06-00185-CR


______________________________




MAKALA DIANNE BRADLEY, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 124th Judicial District Court


Gregg County, Texas


Trial Court No. 32867-B




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Justice Carter



MEMORANDUM OPINION



 Makala Dianne Bradley was caught shoplifting about $158.00 of goods from Wal-Mart. 
Bradley pled "true" to the two prior theft convictions used as enhancements and guilty, without a
negotiated plea agreement, to theft--habitual. See Tex. Penal Code Ann. § 31.03 (Vernon Supp.
2006). She elected to have the jury assess her punishment, which it assessed at twenty months'
confinement in a state jail facility. The court sentenced Bradley accordingly. 

 Bradley raises one issue on appeal: that the trial court erred in allowing the State, at the
punishment phase, to cross-examine Bradley's mother about an unadjudicated theft (hereafter, "the
Elks Lodge theft"). (1)

 Extraneous Crimes and Bad Acts

 At the punishment phase, the State or defendant may introduce evidence of any matter the
court deems relevant to sentencing, 

 including but not limited to . . . his general reputation, his character, an opinion
regarding his character, . . . and, notwithstanding Rules 404 and 405, Texas Rules of
Evidence, any other evidence of an extraneous crime or bad act that is shown beyond
a reasonable doubt by evidence to have been committed by the defendant or for
which he could be held criminally responsible, regardless of whether he has
previously been charged with or finally convicted of the crime or act. 


Tex. Code Crim. Proc. Ann. art. 37.07, § 3(a)(1) (Vernon 2006). If such evidence is admitted, the
jury must be instructed that it may only consider, in assessing punishment, extraneous crimes and
bad acts that the State has proven beyond a reasonable doubt. (2) See Huizar v. State, 12 S.W.3d 479,
482 (Tex. Crim. App. 2000). 

 The Trial Objection

 In what was essentially a verbal motion to suppress on the day of trial, Bradley noted that the
State had failed to subpoena any witnesses who could prove up the Elks Lodge theft and objected
to the State's introduction of documentary evidence, in violation of Crawford, (3) concerning the
matter. The State agreed that it could not introduce statements from nontestifying witnesses, but
asserted that it would be entitled to question the defendant about the matter should the defendant take
the stand, since her character was at issue in sentencing. Indeed, the State stated that the cross-examination of the defendant would be the "only time that I would bring this up." Bradley then
extended her objection to include the questioning of the defendant as more prejudicial than
probative. The court overruled Bradley's objection, but noted that Bradley could renew the
objection, and the court would reconsider the matter, "at the time the State does try to go into that."
Bradley never objected during the State's questioning of Bradley's mother about the Elks Lodge theft. 
Thereafter, Bradley's attorney himself questioned Bradley about the Elks Lodge theft on direct
examination, the State questioned Bradley on the Elks Lodge theft on cross-examination without
objection, and Bradley's attorney revisited the issue on re-direct. 

 Preservation of Error 

 To   preserve   error   for   appeal   in   the   admission   of   evidence,   a   defendant   must
(1) object, (2) state the grounds with sufficient specificity, and (3) obtain an adverse ruling. Tex.
R. App. P. 33.1; Martinez v. State, 98 S.W.3d 189, 193 (Tex. Crim. App. 2003); Wilson v. State, 71
S.W.3d 346, 349 (Tex. Crim. App. 2002); Ethington v. State, 819 S.W.2d 854, 858 (Tex. Crim. App.
1991). Texas law generally requires a party to continue objecting each time inadmissible evidence
is offered. See Ethington, 819 S.W.2d at 858. The two exceptions to this rule are (1) where the
party asks for and receives a running objection and (2) where the party requests a hearing outside the
presence of the jury. See Tex. R. Evid. 103(a)(1); Martinez, 98 S.W.3d at 193; Ethington, 819
S.W.2d at 858; Rawlings v. State, 874 S.W.2d 740, 742 (Tex. App.--Fort Worth 1994, no pet.). 

 We find that Bradley failed to preserve error as to the questioning of her mother regarding
the Elks Lodge theft. Bradley's pretrial objection was to only (1) the introduction of documentary
evidence on the Elks Lodge theft without live witnesses; and (2) the questioning of the defendant
herself on the matter. Bradley never objected--either pretrial or during trial--to the questioning of
Bradley's mother, and we are not inclined to view her limited objection that generally. See Martinez,
98 S.W.3d at 193. For failure to object to the questioning of Bradley's mother, Bradley has not
preserved error; she leaves us with nothing to review. 

 We overrule the point of error and affirm the judgment. 



 Jack Carter

 Justice


Date Submitted: May 8, 2007

Date Decided: May 16, 2007


Do Not Publish
1. We note that, in one statement of the issue in her brief, Bradley states that she is complaining
about the questioning of "Appellant" rather than Appellant's mother. The State questioned both
women. Nonetheless, Bradley did not present any argument in support of a point of error regarding
the questioning of herself; she presented only argument concerning the questioning of her mother.
If a point of error is inadequately briefed, we will not address it. Vuong v. State, 830 S.W.2d 929,
940 (Tex. Crim. App. 1992); see Tex. R. App. P. 38.1; Russeau v. State, 171 S.W.3d 871, 881 (Tex.
Crim. App. 2005). Thus, we address only that issue developed in the brief: the questioning of
Bradley's mother.
2. Bradley's punishment-phase jury was given a reasonable doubt instruction. Bradley does
not dispute the propriety of the instruction. 
3. Crawford v. Washington, 541 U.S. 36 (2004).