02-10-349-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

NO. 02-10-00349-CR

 

 


 
 
 Daniel Griffin
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

 

----------

 

FROM THE 432nd
District Court OF Tarrant COUNTY

----------

 

MEMORANDUM OPINION[1]

 

----------

 

          Appellant
Daniel Griffin entered an open plea of guilty to theft under $1,500 with two
prior theft convictions, a state jail felony.[2]  At the punishment
hearing, Griffin testified that he tried to steal two computers from Wal-Mart but
that an employee stopped him when he was exiting the store.  Griffin explained
that he had a friend who worked at Wal-Mart and that the friend had offered to
act as a lookout for him during the theft.[3]  The trial court later
questioned Griffin in part as follows:

THE COURT:  Did you
ever notify the police or the authorities after you were captured that there
was another Wal-Mart employee trying to help you steal the computers?

THE DEFENDANT:  No, I
didn’t.

THE COURT:  Have you
ever made any attempt to report that individual to the authorities?

THE DEFENDANT:  No, I
haven’t.

The
trial court sentenced Griffin to twenty-four months’ confinement.

          In
a single point, Griffin argues that the trial court erred by considering “an
extraneous unadjudicated bad act that was not proven beyond a reasonable doubt”:  not
providing police authorities with the name of his accomplice.  Griffin contends
that the trial court should not have considered whether he reported his friend
to the police until his mens rea had been proven beyond a reasonable
doubt.[4]

          To
preserve a complaint for our review, a party must have presented to the trial
court a timely request, objection, or motion that states the specific grounds
for the desired ruling if they are not apparent from the context of the
request, objection, or motion.  Tex. R. App. P. 33.1(a)(1); Layton v.
State, 280 S.W.3d 235, 238–39 (Tex. Crim. App. 2009).  Further, the trial
court must have ruled on the request, objection, or motion, either expressly or
implicitly, or the complaining party must have objected to the trial court’s
refusal to rule.  Tex. R. App. P. 33.1(a)(2); Mendez v. State, 138
S.W.3d 334, 341 (Tex. Crim. App. 2004).  A reviewing court should not address
the merits of an issue that has not been preserved for appeal.  Ford v.
State, 305 S.W.3d 530, 532 (Tex. Crim. App. 2009).

          Griffin
forfeited appellate review of his point because he did not assert a
contemporaneous objection when the trial court questioned him about the alleged
extraneous bad act evidence.  See Tex. R. App. P. 33.1(a)(1); Thomas
v. State, Nos. 05-96-01391-CR, 05-96-01392-CR, 1998 WL 111780, at *1 (Tex.
App.—Dallas Mar. 16, 1998, no pet.) (mem. op., not designated for publication);
see also Montgomery v. State, 810 S.W.2d 372, 387 (Tex. Crim.
App. 1990) (op. on reh’g); Lopez v. State, 200 S.W.3d 246, 250–51 (Tex.
App.—Houston [14th Dist.] 2006, pet. ref’d); Cate v. State, 124 S.W.3d
922, 930 (Tex. App.—Amarillo 2004, pet. ref’d).  Griffin’s pretrial motion filed
months before the hearing objecting to the use of unadjudicated extraneous acts
at punishment, which the trial court did not rule on and which was essentially
a motion in limine, did not preserve the issue for appellate review.[5] 
See Geuder v. State, 115 S.W.3d 11, 14–15 (Tex. Crim. App. 2003); Rawlings
v. State, 874 S.W.2d 740, 743 (Tex. App.—Fort Worth 1994, no pet.)
(reasoning that a motion in limine seeks a ruling from the court ordering the
holding of a hearing outside the jury’s presence).

          Moreover,
when the record does not indicate otherwise, as it does not here, we presume
that to the extent the trial court considered the unadjudicated extraneous bad
act in sentencing Griffin, the trial court first determined that it was proven
beyond a reasonable doubt.  See Harrington v. State, Nos. 02-08-00423-CR,
02-08-00424-CR, 2010 WL 1137046, at *2 (Tex. App.—Fort Worth Mar. 25, 2010, no
pet.) (mem. op., not designated for publication).  There is no evidence that
the trial court considered any improper evidence in assessing Griffin’s
sentence.

          We
overrule Griffin’s sole point and affirm the trial court’s judgment.

 

 

BILL MEIER
JUSTICE

 

PANEL: 
WALKER,
MCCOY, and MEIER, JJ.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  July 21, 2011









[1]See Tex. R. App. P. 47.4.





[2]See Tex. Penal Code
Ann. § 31.03(a), (e)(4)(D) (West 2011).





[3]Griffin testified, “I had
a friend that worked at Wal-Mart.  He told me, he just said . . .
come up here and I’ll look out for you.”





[4]See Tex. Code Crim.
Proc. Ann. art. 37.07, § 3(a)(1) (West Supp. 2010) (stating that
evidence may be offered at punishment as to any matter the court deems relevant
to sentencing, including “any other evidence of an extraneous crime or bad act
that is shown beyond a reasonable doubt by evidence to have been committed by
the defendant”).





[5]The motion requested that
the trial court “have a determination outside of the jury’s presence to
determine if the prosecution can sufficiently provide the existence of the
extraneous offense beyond a reasonable doubt.”