

# COURT OF APPEALS

**SECOND DISTRICT OF TEXAS**

**FORT WORTH**

## NO. 02-10-00349-CR

DANIEL GRIFFIN                                                            APPELLANT

V.

THE STATE OF TEXAS                                                        STATE

----------

FROM THE 432ND DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Appellant Daniel Griffin entered an open plea of guilty to theft under $1,500 with two prior theft convictions, a state jail felony.[2]  At the punishment hearing, Griffin testified that he tried to steal two computers from Wal-Mart but that an employee stopped him when he was exiting the store.  Griffin explained that he had a friend who worked at Wal-Mart and that the friend had offered to act as a

---

[1]*See* Tex. R. App. P. 47.4.

[2]*See* Tex. Penal Code Ann. § 31.03(a), (e)(4)(D) (West 2011).

lookout for him during the theft.[3]  The trial court later questioned Griffin in part as follows:

> THE COURT:  Did you ever notify the police or the authorities after you were captured that there was another Wal-Mart employee trying to help you steal the computers?
>
> THE DEFENDANT:  No, I didn't.
>
> THE COURT:  Have you ever made any attempt to report that individual to the authorities?
>
> THE DEFENDANT:  No, I haven't.

The trial court sentenced Griffin to twenty-four months' confinement.

In a single point, Griffin argues that the trial court erred by considering "an extraneous unadjudicated bad act that was not proven beyond a reasonable doubt": not providing police authorities with the name of his accomplice.  Griffin contends that the trial court should not have considered whether he reported his friend to the police until his mens rea had been proven beyond a reasonable doubt.[4]

To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds

---

[3]Griffin testified, "I had a friend that worked at Wal-Mart.  He told me, he just said . . . come up here and I'll look out for you."

[4]See Tex. Code Crim. Proc. Ann. art. 37.07, § 3(a)(1) (West Supp. 2010) (stating that evidence may be offered at punishment as to any matter the court deems relevant to sentencing, including "any other evidence of an extraneous crime or bad act that is shown beyond a reasonable doubt by evidence to have been committed by the defendant").

for the desired ruling if they are not apparent from the context of the request, objection, or motion.  Tex. R. App. P. 33.1(a)(1); *Layton v. State*, 280 S.W.3d 235, 238–39 (Tex. Crim. App. 2009).  Further, the trial court must have ruled on the request, objection, or motion, either expressly or implicitly, or the complaining party must have objected to the trial court's refusal to rule.  Tex. R. App. P. 33.1(a)(2); *Mendez v. State*, 138 S.W.3d 334, 341 (Tex. Crim. App. 2004).  A reviewing court should not address the merits of an issue that has not been preserved for appeal.  *Ford v. State*, 305 S.W.3d 530, 532 (Tex. Crim. App. 2009).

Griffin forfeited appellate review of his point because he did not assert a contemporaneous objection when the trial court questioned him about the alleged extraneous bad act evidence.  *See* Tex. R. App. P. 33.1(a)(1); *Thomas v. State*, Nos. 05-96-01391-CR, 05-96-01392-CR, 1998 WL 111780, at *1 (Tex. App.—Dallas Mar. 16, 1998, no pet.) (mem. op., not designated for publication); *see also Montgomery v. State*, 810 S.W.2d 372, 387 (Tex. Crim. App. 1990) (op. on reh'g); *Lopez v. State*, 200 S.W.3d 246, 250–51 (Tex. App.—Houston [14th Dist.] 2006, pet. ref'd); *Cate v. State*, 124 S.W.3d 922, 930 (Tex. App.—Amarillo 2004, pet. ref'd).  Griffin's pretrial motion filed months before the hearing objecting to the use of unadjudicated extraneous acts at punishment, which the trial court did not rule on and which was essentially a motion in limine, did not

preserve the issue for appellate review.[5]  *See Geuder v. State*, 115 S.W.3d 11, 14–15 (Tex. Crim. App. 2003); *Rawlings v. State*, 874 S.W.2d 740, 743 (Tex. App.—Fort Worth 1994, no pet.) (reasoning that a motion in limine seeks a ruling from the court ordering the holding of a hearing outside the jury's presence).

Moreover, when the record does not indicate otherwise, as it does not here, we presume that to the extent the trial court considered the unadjudicated extraneous bad act in sentencing Griffin, the trial court first determined that it was proven beyond a reasonable doubt.  *See Harrington v. State*, Nos. 02-08-00423-CR, 02-08-00424-CR, 2010 WL 1137046, at *2 (Tex. App.—Fort Worth Mar. 25, 2010, no pet.) (mem. op., not designated for publication).  There is no evidence that the trial court considered any improper evidence in assessing Griffin's sentence.

We overrule Griffin's sole point and affirm the trial court's judgment.

BILL MEIER
JUSTICE

PANEL:  WALKER, MCCOY, and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  July 21, 2011

---

[5]The motion requested that the trial court "have a determination outside of the jury's presence to determine if the prosecution can sufficiently provide the existence of the extraneous offense beyond a reasonable doubt."