ACCEPTED
01-13-00894
FIRST COURT OF APPEALS
HOUSTON, TEXAS
4/8/2015 4:16:44 PM
CHRISTOPHER PRINE
CLERK

Nos. 01-13-00894-CR, 01-13-00895-CR

| | | FILED IN<br>1st COURT OF APPEALS<br>HOUSTON, TEXAS |
|---|---|---|
| IN THE COURT OF APPEALS | | 4/8/2015 4:16:44 PM |
| FOR THE | | CHRISTOPHER A. PRINE<br>Clerk |
| FIRST JUDICIAL DISTRICT | | |
| HOUSTON, TEXAS | | |

| | | |
|---|---|---|
| JULIO ALVARADO, | § | APPELLANT |
| | § | |
| V. | § | |
| | § | |
| STATE OF TEXAS, | § | APPELLEE |

On Appeal in Causes Numbers 1325698 and 1325690 from the 232nd District Court of Harris

County, Texas.

## APPELLANT'S REPLY BRIEF

Cory J. Roth
Cory Roth Law Office
4306 Yoakum Boulevard, Suite 240
Houston, Texas 77006
Bar: 24088337
Phone: (713) 864-3400
Fax: (713) 864-3413
Email: CoryRothJD@gmail.com
Attorney for Appellant

***ORAL ARGUMENT REQUESTED***

1

## IDENTITY OF THE PARTIES AND COUNSEL

## TABLE OF CONTENTS

**INDEX OF AUTHORITIES**................................................................................................ 3

**SUMMARY OF THE ARGUMENT** .......................................................................... 4

**ARGUMENT**............................................................................................................... 4

**PRAYER** ...................................................................................................................... 10

## INDEX OF AUTHORITIES

Cases

*Cornet v. State*, 359 S.W.3d 217, 226 (Tex. App. 2012)................................................ 9

*Garcia v. State*, 792 S.W.2d 88, 91 (Tex. Crim. App. 1990) ..................................... 6, 7

*Hammer v. State*, 296 S.W.3d 555, 563 (Tex. Crim. App. 2009).................................. 5

*Lopez v. State*, 343 S.W.3d 137, 140 (Tex. Crim. App. 2011) ...................................... 7

*Rawlings v. State*, 874 S.W.2d 740, 744 (Tex. App.—Fort Worth 1994) ..................... 9

Statutes

22.021(a)(1)(A)(i) ........................................................................................................... 9

Tex. Code Crim. Proc. Ann. art. 38.072, § 2(a)(2) ........................................................ 6

Tex. Code Crim. Proc. Sec. 22.011(a)(1)(A) .................................................................. 9

Rules

Tex. R. Evid. 404(a)(3) ................................................................................................... 5

**SUMMARY OF THE ARGUMENT**

Appellant was denied his constitutional right to present a defense. His theory of defense is that the complainant is a dishonest young lady who fabricated allegations of sexual abuse against her father as he was about to administer corporal punishment. The trial court reversibly erred by prohibiting the Appellant from presenting two recantation witness that would have shed light on the complainant's character for truthfulness. Additionally, the trial court's designation of Claudia Mullin as the outcry witness was outside the zone of reasonable disagreement and constitutes reversible error.

**ARGUMENT**

I.  TESTIMONY OF SHANTARIA FRANCIS AND YVONNE EVANS
    WAS NOT CUMULATIVE

Appellee asserts in its reply to Appellant's first point of error that the testimony of Shantaria Francis and Yvonne Evans was cumulative. Appellee, however, fails to state, explain, or cite how the proffered testimony of either witness is cumulative. Their testimony was not cumulative. There was no other evidence admitted that was similar to that offered through Ms. Evans and Ms. Francis. Moreover, without admitting that their testimony was cumulative, even if their testimony was cumulative, the probative value of their testimony was not substantially outweighed by the countervailing considerations.

Appellee correctly notes that trial counsel for Appellant stated that the testimony of Ms. Francis and Ms. Evans was not offered for the truth of the matter asserted. Appellee misunderstands what the truth of the matter asserted would be in these instances. Here, the matter asserted was that the complainant recanted. Thus, the truth of that matter would be that the molestations did not occur. Trial counsel did not offer the recantation testimony to prove that the

4

molestations did not occur. Rather, trial counsel offered the recantation testimony to impeach the credibility of the complainant. Ms. Evans' testimony was also offered for the proper purpose of establishing the complainant's state of mind during the time frame in which she made the allegations of abuse.

When a person withdraws an accusation, the withdrawal can fairly and reasonably be described as a recantation. A person who has recanted has made a statement that is inconsistent with a previous statement. When a person makes inconsistent allegations of criminal conduct, the person opens herself up to questions about her credibility and character for truthfulness. A witness's character for truthfulness is always admissible. *Hammer v. State*, 296 S.W.3d 555, 563 (Tex. Crim. App. 2009), Tex. R. Evid. 404(a)(3). Here, the testimony of Ms. Francis and Ms. Evans were specifically offered to show that the complainant had a bad character for truthfulness. Their testimony should have been admitted and it was harmful error to exclude it.

II.     COMPLAINANT'S OUTCRIES TO GLORIS GONZALES, VELMA BANDA AND PASTOR MANCHUCHA SATISFIED THE OUTCRY WITNESS STATUTE

The Appellee, both at trial and on appeal, is of the mistaken understanding that the outcry witness statute requires children to be of the same sophistication, intellect, and detail orientation of adults. The Appellee would require that in order for a spontaneous outcry to be admissible, that the child complainant describe the date, time, location, and a complete recitation of the alleged abuse as well as have a keen understanding of the legal definition of the term "penetration." The law, however, does not require such great level of detail of an outcry for it to satisfy the outcry witness statute.

Appellee alleges that the complainant's statements to Ms. Gonzales, Ms. Banda, and Pastor Manchuca were "too vague, or described offenses other than those with which the appellant was

5

charged." Appellee's assertion is false. An outcry statement must in some discernible manner describe the alleged offense in order to qualify as an outcry. *Garcia v. State*, 792 S.W.2d 88, 91 (Tex. Crim. App. 1990). An outcry witness is the first person age eighteen or older, other than the defendant, to whom the child complainant made a statement about an alleged sexual offense committed against the child. Tex. Code Crim. Proc. Ann. art. 38.072, § 2(a)(2). The trial court abuses its discretion when its decision to designate an outcry witness is outside the zone of reasonable disagreement. *Id.*

Here, the designation of Ms. Mullin as the outcry witness was outside the zone of reasonable disagreement. In order to determine the identity of the proper outcry witness, all a court needs to do is ask and answer a series of questions:

1. Was the proffered outcry witness age eighteen or older?

2. Was the proffered outcry witness someone other than the defendant?

3. Did the complainant tell the proffered outcry witness allegations of sexual abuse in some discernible manner?

4. Did the complainant tell the proffered outcry witness that the alleged abuser was the defendant?

5. Was the proffered outcry witness the first person with whom the complainant shared the above-mentioned criteria?

Answering and applying the questions to Ms. Mullin:

1. Ms. Mullin was age eighteen or older.

2. Ms. Mullin was someone other than the defendant.

3. The complainant did tell Ms. Mullin allegations of sexual abuse in some discernible manner.

4. The complainant did tell Ms. Mullin that the alleged abuser was the defendant.

5. Ms. Mullin **WAS NOT** the first person age eighteen or older other that the defendant with whom the complainant shared allegations of sexual abuse against the Appellant in some discernible manner.

The Appellee, both at trial and on appeal, are under the mistaken belief that in order for allegations of abuse to satisfy the outcry witness statute, the allegations must describe the exact details of the alleged abuse. However, as long as the statement contains sufficient information about the nature of the act and the identity of the perpetrator, the statement will fall under the outcry witness statute. *Nino v. State*, 223 S.W.3d 749, 753 (Tex. App.—Houston [14 Dist.] 2007). It is true that an allegation of abuse must be more than a general allusion from the child that something in the area of abuse took place; however, the statement *need not be detailed* or lengthy. *Lopez v. State*, 343 S.W.3d 137, 140 (Tex. Crim. App. 2011), citing *Garcia v. State*, 792 S.W.2d at 91. Emphasis added. This Honorable Court will note that neither her sister Court in *Nino*, nor any other case law that Appellant has read, requires exact details of the alleged charged abuse as the State argues. Rather, as stated in *Lopez*, the statement need not be detailed, and that is because courts and the legislature recognize that children are not sophisticated and that spontaneous outcries are to be more trusted than those elicited by forensic interviewers.

The record clearly demonstrates that the complainant's initial statements to Ms. Gonzales satisfy the outcry witness statute. A general allusion to abuse would not prompt a step-mother to be so emotionally distraught that she was crying a week after the allegations because she thought her husband impregnated her step-daughter.

7

Although Appellee is correct in its observation that the record does not reflect what the complainant told Ms. Banda, a mere allusion to abuse would not cause a family friend to persistently call CPS, the complainant's school, and her pastor to protect the complainant. Appellant does, however, concede that Ms. Banda is the least likely out of Ms. Gonzales and Pastor Manchuca to be the appropriate outcry witness.

Appellee is hung up on whether the complaint specifically told Ms. Gonzales, Ms. Banda, or Pastor Manchuca that the Appellant penetrated her. Without waiving his argument that the complainant need not describe the act of penetration for her statements to the aforementioned adults to constitute outcries, Appellant re-alleges that the complainant explicitly told Pastor Manchuca that the Appellant penetrated her vagina:

> Q (Defense Counsel Eric Davis). Sir in regards to Yeimi she told you about him masturbating, standing in a room naked masturbating on her?
>
> A (Pastor Manchuca). Yeimi told me that.
>
> Q. She never told you anything about any penetration. Isn't that true?
>
> A. Tried to.
>
> Q. He *tried* to?
>
> A. *He touched her.*
>
> Q. He touched her. She never told you that he put his penis inside her?
>
> A. *Touched her with his penis **in**[1] her vagina.*
>
> Q. So she told you he penetrated her?
>
> A. She *felt that he touched her* and she push him away.
>
> IV R.R. 58.

---

[1] The word, "in" is defined as "used to indicate location or position within something," "used as a function word to indicate inclusion, location, or position within limits." Mirriam-Webster Dictionary http://www.merriam-webster.com/dictionary/in

8

In Texas, sexual assault is defined as intentionally or knowingly causing the penetration of the anus or sexual organ of another person by any means, without that person's consent. Tex. Code Crim. Proc. Sec. 22.011(a)(1)(A), 22.021(a)(1)(A)(i). Sexual intercourse is defined as penetration of the female sex organ by the male sex organ. Tex. Code Crim. Proc. Sec. 22.01(3). To penetrate means "tactile contact beneath the fold of complainant's external genitalia," and that it is not inaccurate "to describe [conduct] as a penetration, so long as [the] contact with [the complainant's] anatomy could reasonably be regarded by ordinary English speakers as more intrusive than contact with her outer vaginal lips." *Cornet v. State*, 359 S.W.3d 217, 226 (Tex. App. 2012). Moreover, courts have stated the penetration element is satisfied if the evidence showed penetration of the vagina, however slight, beyond a reasonable doubt. *Rawlings v. State*, 874 S.W.2d 740, 744 (Tex. App.—Fort Worth 1994). The complainant described a brief penetration of her vagina by the Appellant to Pastor Manchuca, which satisfies the outcry witness statute.

Here, the jury charge stated, in pertinence, "you will find the defendant guilty of aggravated sexual assault of a child, as charged in the indictment," if "you find from the evidence… the defendant… intentionally or knowingly caused the penetration of the sexual organ of [the complainant]… by placing his sexual organ in the sexual organ of [the complainant]." In light of Pastor Manchuca's above-cited testimony and the definition of "penetrate," the complainant clearly and unambiguously told Pastor Manchuca, prior to Ms. Mullin, that the Appellant penetrated her vagina by intentionally placing his penis *in* the complainant's vagina. The word "in," as used by the complainant, could reasonably be regarded by ordinary English speakers as more intrusive than contact with her outer vaginal lips.

9

The trial court's decision to designate Ms. Mullin as the outcry witness was outside the zone of reasonable disagreement. The complainant made discernible allegations of sexual abuse to several adults before making the same allegations, but in more detail, to Ms. Mullin. The Appellee's misunderstanding of the outcry witness statute strips the statute of its legislative intent, and denies the Appellant due process of law. The trial court denied Appellant his right to present a defense. Appellant's convictions must be reversed and remanded.

## **PRAYER**

Julio Cesar Alvarado prays that this Honorable Court reverse the judgments of conviction against him, and remand this case for a new trial on the merits.

Cory J. Roth
Cory Roth Law Office
4306 Montrose Boulevard, Suite 240
Houston, Texas 77006
T. 713.864.3400
F. 713.864.3413
C. 832.419.9973
B. 24088337
CoryRothJD@gmail.com

## CERTIFICATE OF SERVICE

I certify that I provided a copy of the foregoing to the Harris County District Attorney by hand delivery on April 8, 2015.

_____
Cory J. Roth

## CERTIFICATE OF COMPLIANCE

Pursuant to Rule 9.4(i)(3), undersigned counsel certifies that this brief complies with the type-volume limitations of Tex. R. App. Proc. 9.4(e)(i).

1. Exclusive of the portions exempted by Tex. R. App. Proc. 9.4(i)(1), this brief contains 1985 words printed in a proportionally spaced typeface.

2. This brief is printed in a proportionally spaced typeface using Times New Roman 12 point font in text and Times New Roman 10 point font in footnotes.

3. Upon request, undersigned counsel will provide an electronic version of this brief and/or copy of the word printout in Court.

4. Undersigned counsel understands that a material misrepresentation in completing this certificate, or circumvention of the type-volume limits in Tex. R. App. Proc. 9.4(j), may

11

result in the Court's striking this brief and imposing sanctions against the person who signed it.

_____
Cory J. Roth