Aron **HERNANDEZ**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 13–88–134–CR.

Court of Appeals of Texas,
Corpus Christi.

March 16, 1989.

On Petition for Discretionary Review
April 27, 1989.

Patrick J. McGuire, Corpus Christi,. for appellant.

Grant Jones, Dist.Atty., Corpus Christi, Robert Huttash, State Pros.Atty., Austin, for appellee.

Before NYE, C.J., and KENNEDY and DORSEY, JJ.

## OPINION

KENNEDY, Justice.

Aron Hernandez was found guilty by a jury of murder and punishment was assessed by the jury at fifty years confinement. Hernandez appeals by two points of error complaining that the trial court erred in receiving reputation testimony without a proper predicate. We reverse the judgment of the trial court and remand the case.

Hernandez was indicated for intentionally and knowingly causing the death of Armando Perez by shooting him with a firearm. He plead not guilty and was tried by a jury. At trial numerous witnesses for the State testified that during a barbecue in the Perez family's backyard, Hernandez drove into their driveway and asked to speak to Polo Perez, the victim's father. After a discussion with the father, Hernandez became angry and left. He returned a short while later and asked to speak to the father again. Instead, several other members of the family, including the victim, tried to tell Hernandez to leave. He became angry, pulled a gun, shot the victim in the head, and then drove off.

Hernandez testified that he drove over to the Perez house only one time that day and asked to speak to Polo, but that the victim and two other family members had told him to leave, and the victim cursed him, struck his hand against Hernandez' car mirror and threatened to kill him while the other two aimed rifles at him. Hernandez then pulled a pistol and attempted to fire above the victim's head, in order to scare them off, but accidentally hit the victim in the head.

Just before the punishment phase of the trial began, Hernandez sought to exclude by a "request in the nature of a Motion in Limine," the testimony of certain witnesses about Hernandez' reputation in the community. Hernandez' counsel at trial took these witnesses on voir dire to show that they lacked knowledge of his character independent of their knowledge of specific bad acts.

Deputy Constable Rawley Fisher and Justice of the Peace Junnell McCollum testified on voir dire that they knew Hernandez and that his reputation in the community for being a peaceful and law-abiding citizen was bad. Both admitted that their conclusions about Hernandez' reputation were based on conversations with others in the community concerning only Hernandez' prior acts, specifically complaints made against Hernandez for public intoxication and disorderly conduct on a number of occasions. Their conclusions were not based on a discussion of appellant's reputation. After his voir dire was completed, counsel objected to these witnesses' testimony about Hernandez' reputation. The objection was overruled.

Fisher and McCollum then testified before the jury, without objection, that they knew Hernandez and that his reputation in the community for being peaceful and law-abiding was bad.

Generally, error in the admission of testimony will not be preserved by the filing of the motion in limine. Objection must be made on proper grounds at the very time the evidence complained of is

offered and a ruling must be secured from the court. *Harrington v. State,* 547 S.W. 2d 616 (Tex.Crim.App.1977); *Soto v. State,* 736 S.W.2d 823, 827–28 (Tex.App.—San Antonio 1987, pet. ref'd). One reason for this rule is that a judge is often not in a position to decide on the admissibility of evidence prior to the beginning of trial. *Romo v. State,* 577 S.W.2d 251, 252 (Tex. Crim.App.1979).

In *Norman v. State,* 523 S.W.2d 669 (Tex.Crim.App.1975), the Court discussed the purpose of a motion in limine as:

> a method of raising objection to an area of inquiry prior to the matter reaching the ears of the jury through a posed question, jury argument, or other means. As such, it is wider in scope than the sustaining of an objection made after the objectionable matter has been expressed. However, it is also, by its nature, subject to reconsideration by the court throughout the course of the trial.... From the *mere* granting of a motion in limine, it is not possible for the reviewing court to know what, if any, specific evidence or other matters have been excluded. It is upon a reconsideration and the offer and exclusion of specific matter that the record is made to show what in fact was excluded from presentation to the jury....

*Norman,* 523 S.W.2d at 671.

Had appellant sought to exclude the testimony by a motion to suppress rather than a motion in limine, denial of the motion alone would have been sufficient to preserve error. However, the same rules do not apply to both types of motions. *See Riojas v. State,* 530 S.W.2d 298, 301 (Tex. Crim.App.1975). The ruling of a court on a motion in limine is not within the scope of Tex.R.App.P. 52(b),[1] which provides that an objection to evidence offered out of the presence of the jury need not be renewed in the presence of the jury. *See Riojas,*

530 S.W.2d at 301; *Norman,* 523 S.W.2d at 671 n. 1.[2]

■ In order to determine the effect of a motion, it is necessary to determine the nature of the instrument, and this should be accomplished by looking to its substance rather than its form. *See English v. Fischer,* 632 S.W.2d 163, 164 (Tex.App.—Corpus Christi 1982, no writ). Unlike the usual motion in limine, the motion in the present case was made immediately before the evidence appellant sought to exclude was offered. In addition, appellant sought to exclude specific reputation testimony by the voir dire examination of each witness separately, rather than to exclude a broad general category of evidence. As none of the attributes of a motion in limine are present here, neither are the reasons for denying preservation of error. We hold that appellant's motion was not in the nature of a true motion in limine, but was rather in the nature of a motion to suppress, and that the denial of the motion properly preserved error under Rule 52(b).

■ We turn now to the merits of appellant's complaint that the trial court received reputation testimony without a proper predicate.

In *Wagner v. State,* 687 S.W.2d 303 (Tex.Crim.App.1984), the Court of Criminal Appeals overruled *Romo v. State,* 593 S.W.2d 690 (Tex.Crim.App.1980), and adopted the reasoning of *Moore v. State,* 663 S.W.2d 497 (Tex.App.—Dallas 1983, no pet.), that a witness' knowledge of specific acts alone could not serve as a basis for reputation testimony:

> "The trustworthiness of reputation testimony stems from the fact that a person is observed in his day to day activities by other members of his community and that these observations are discussed. Over a period time [sic] there is a synthesis of these observations and discussions which results in a conclusion as to the

---

**1.** Formerly Tex.Code Crim.Proc.Ann. art. 40.-09(6)(d)(3) (Vernon 1979) (repealed).

**2.** In a concurring opinion in *Norman,* however, Presiding Judge Onion expressed his own doubt that there is any reason to make a distinction between evidence offered out of the jury's pres-

ence on a motion in limine and other occasions when evidence is offered out of the jury's presence where Article 40.09(6)(d)(3) preserves error in connection with the trial court's ruling. *Norman,* 523 S.W.2d at 672–73.

individual's reputation. When reputation is based solely on specific acts, this synthesis is lost, as well as its reliability." *Wagner*, 687 S.W.2d at 313, *quoting Moore*, 663 S.W.2d at 500.

In the present case, the trial court erred in allowing Fisher and McCollum to testify about Hernandez' reputation based on their knowledge of specific acts alone. We must now determine if the error was harmful.

The two reputation witnesses were all the evidence that the State offered during the punishment phase of the trial. Appellant offered no evidence in mitigation. There was no evidence that he had ever been convicted of a prior offense. Murder is a felony of the first degree, punishable by confinement for life or for any term of not more than 99 years or less than 5 years, and by a fine not to exceed $10,000. Tex.Penal Code Ann. § 12.32 (Vernon Supp.1989). We cannot say that there is not a reasonable possibility that the erroneously admitted reputation evidence did not contribute to the jury's assessment of punishment at 50 years confinement. *See Maynard v. State*, 685 S.W.2d 60, 67 (Tex. Crim.App.1985). Appellant's points of error are sustained.

The judgment of the trial court is set aside and the case remanded for further proceedings in accordance with *Ex parte Klasing*, 738 S.W.2d 648, 650 (Tex.Crim. App.1987); Tex.Code Crim.Proc.Ann. art. 44.29(b) (Vernon Supp.1989).

## ON PETITION FOR DISCRETIONARY REVIEW

By its Petition for Discretionary Review, the State argues that this court erred in sustaining appellant's point of error complaining that reputation testimony was received without a proper predicate. We said that a witness' knowledge of specific acts alone can not serve as a basis for reputation testimony. The State now contends that our analysis was incorrect under Texas Rule of Criminal Evidence 405(a), which provides:

> In all cases in which evidence of character or trait of character of a person is admissible, proof may be made by testi-mony as to reputation or by testimony in the form of an opinion. Provided however that in order to be competent to testify concerning the character or trait of character of the accused, a witness must, prior to the date of the offense, have been substantially familiar with the reputation of the accused. In all cases where testimony is admitted under this rule, on cross-examination inquiry is allowable into relevant specific instances of conduct.

The State argues that the provision of the rule allowing a witness to testify in the form of an opinion about the character of a person includes an opinion based on the witness' knowledge of specific acts alone. However, the State ignores the next sentence of Rule 405(a), which provides that in order to testify about character a witness must have been "substantially familiar with the reputation of the accused." Substantial familiarity with specific acts is not the same as substantial familiarity with reputation, for reasons which we expressed in our opinion. We modify our original opinion only by noting that we find no indication that the Rules of Criminal Evidence were intended to change this prerequisite for reputation testimony.