Otis **CARLISLE**, Jr., Appellant,

v.

The **STATE** of Texas, Appellee.

No. 01–90–00588–CR.

Court of Appeals of Texas, Houston (1st Dist.).

Oct. 10, 1991.

Kirk Oncken, Houston, for appellant.

John B. Holmes, Jr., Harris Co. Dist. Atty., Rowena Young, Asst. Harris Co. Dist. Atty., for appellee.

Before TREVATHAN, C.J., and COHEN and O'CONNOR, JJ.

## OPINION

O'CONNOR, Justice.

This Court is asked to determine whether the combined testimony of two witnesses introduced inadmissible hearsay. Otis Carlisle, Jr., the appellant, was found guilty by a jury of the offense of aggravated sexual assault of a child. Punishment was assessed at 10 years confinement. We affirm.

### 1. Fact summary

The father and the mother of the complainant are divorced. The father of the complainant testified that the complainant was living with her mother and the appellant, and was allowed to visit the father whenever she chose. About two to three years ago, when the complainant was 15 years old, she told her father that she did not wish to return to her mother's home. The father then pursued a custody suit to obtain custody of the complainant. While giving a deposition during the course of the custody litigation, the complainant told the lawyers about the appellant's behavior. The parents were then called into the room, and the complainant repeated what she told the lawyers. This was the first time that either parent had heard the accusations.

At trial, the complainant testified that when she was in the third or fourth grade, the appellant started some inappropriate, sexual behavior. The complainant described one instance when the appellant had her in bed with him. The appellant took her shirt off, and began to fondle and kiss her chest. The appellant put his hands down her pants, told her to take off her shorts, and inserted his finger into her vagina. He then removed the complainant's panties, placed his mouth between her

legs, and tried to put his tongue in her vagina. The appellant then attempted to place his penis in her mouth.

In response to a question, the complainant was able to describe a scar between appellant's legs, under his testicles, and that he was circumcised. The complainant first told two of her friends, and then the lawyers involved in the custody suit. A sergeant with the Harris County Sheriff's Office testified that he took a statement from the complainant, and found her credible. The officer testified that the complainant was consistent in her story and could describe in detail the incidents and the appellant. He verified the description and location of the scar.

## 2. The "outcry" statement

The appellant asserts, in his sole point of error, that the trial court erred in permitting a hearsay statement of the complainant. Before trial, the court granted the part of the appellant's motion in limine that requested exclusion from evidence of any testimony about the details of the offense that the complainant related to the first person, 18 years of age or older, other than the appellant. The trial court granted the appellant's motion based on TEX.CODE CRIM. P.ANN. art. 38.072, § 2 (Vernon Supp.1991), which requires the State to give the defendant notice of its intention to use the "outcry" statements of a complainant. Here, the State did not give proper notice of its intention to use complainant's "outcry" statement.

The appellant argues that the State violated the ruling by eliciting the testimony from the father about the mother's reaction to the complainant's accusations during her deposition. The appellant complains of the following testimony:

Prosecutor: Is that the first time, as far as you know, that [the mother] heard what the defendant had been doing to [the complainant]?

Father: The way she was shaking and crying and jumping in her chair, yes

ma'am, that was the first time her mama heard of it.

Defense: Your Honor, at this time I would request that the court give the jury a limiting instruction to what [the complainant] said regarding those allegations to [the father] be limited to the fact that she told him, not to the truth of the matter.

Trial Court: Denied.[1]

The appellant asserts that the mother's reaction "effectively telegraphed" the *content* to the jury. The appellant argues the State further revealed the content of "outcry" statement by eliciting testimony from the sergeant about the complainant's accusations. The appellant, however, made no objection to either witness's testimony.

■ The appellant admits that error, if any, in the admission of testimony was not preserved by the ruling on the motion in limine. Even after the court rules on a motion in limine, the party securing the ruling must object on proper grounds every time the evidence complained of is offered. *Harrington v. State*, 547 S.W.2d 616, 620 (Tex.Crim.App.1977); *Rogers v. State*, 795 S.W.2d 300, 307 (Tex.App.—Houston [1st Dist.] 1990, pet.ref'd). The reason for this is that a ruling on a motion in limine is merely a preliminary ruling. In most cases, a trial judge is not in a position to rule on the admissibility of evidence before trial begins. *Romo v. State*, 577 S.W.2d 251, 252 (Tex.Crim.App. [Panel Op.] 1979).

■ The appellant argues, however, that even though his motion was called a motion in limine, it was actually a motion to suppress. In *Hernandez v. State*, 767 S.W.2d 902, 904 (Tex.App.—Corpus Christi 1989, pet. granted), the court said that the two motions must be distinguished, that the same rules do not apply to both. The principal difference between the two is that the ruling on a motion in limine is a preliminary ruling only, and the party making the motion must still object when the evidence is offered during the trial. The ruling on a motion to suppress, however, is a definitive ruling, and the party is not required to

---

1. The State correctly points out that a limiting instruction would have been meaningless because the statement of the complainant was never introduced.

object when the evidence is offered. *Riojas v. State*, 530 S.W.2d 298, 301 (Tex.Crim. App.1975). If the State violated the motion to suppress, appellant was not required to object to preserve the error. *Id.*

In *Hernandez*, the court said that to determine the effect of a motion it is necessary to determine the nature of the instrument, and to do this, we should look to the motion's substance, not merely its form. 767 S.W.2d at 904. The *Hernandez* court found that the defendant's motion sought to *exclude specific* testimony, rather than a broad general category of evidence. *Id.* The court held that by its nature, the defendant's motion was a motion to suppress, not a motion in limine, and, thus, considered the merits of the defendant's complaint. *Id.*

Here, the appellant's motion is the same type as the one considered in *Hernandez*; it sought to exclude specific testimony, rather than a broad category of evidence. In addition, the motion requests that the evidence be excluded, not that the State be required to inform the court before it offered the testimony. The typical motion to suppress asks the court to require the party to bring the matter to the attention of the trial court for a definitive ruling before the evidence is presented. *Rushton v. State*, 695 S.W.2d 591, 594 (Tex.App.—Corpus Christi 1985, no pet.); *see Scruggs v. State*, 782 S.W.2d 499, 500 (Tex.App.—Houston [1st Dist.] 1989, pet. ref'd). Thus, we will consider the appellant's motion as one to suppress, and reach the merits of the appellant's complaint.

By his motion to suppress, the appellant asked the court to exclude any statement or testimony about the complainant's accusations to the *first person* that she may have told. Here, the appellant complains of the combined testimony of the father and the sergeant. Appellant argues that the cumulative effect of the testimony permitted the State to introduce evidence about the mother's reaction, which he contends was inadmissible because of the ruling on the motion to suppress.

From the record, however, it is obvious that the first persons over 18 years of age that heard the complainant's accusations were the lawyers, not the mother. Although the attorneys who were present at the deposition might not have been the first to hear the accusations, at a minimum, they were told before the father. In addition, the father did not testify about any statements that the complainant made describing the offense, only that the statements were made and the mother's reaction. The State's witnesses did not violate the ruling on the appellant's motion.

We overrule the appellant's point of error and affirm the judgment below.