NUMBER 13-99-773-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

___________________________________________________________________


JASON MENCHACA , Appellant,

v.



THE STATE OF TEXAS , Appellee.

___________________________________________________________________


On appeal from the 24th District Court

of Calhoun County, Texas.

__________________________________________________________________


O P I N I O N



Before Chief Justice Valdez and Justices Yañez and Castillo

Opinion by Justice Castillo

Appellant pled not guilty to aggravated sexual assault and was sentenced to sixty years in the Institutional Division of the
Texas Department of Criminal Justice. He now appeals the denial of two separate motions for mistrial based upon the
inclusion of allegedly inadmissible evidence. Specifically, appellant claims the inclusion of hearsay and extraneous
evidence in the trial court constituted harmful error, thus prejudicing the jury and resulting in the rendition of an improper
verdict. We affirm the judgment of conviction. 

Factual Summary

Appellant Jason Menchaca ("Menchaca") was living with his girlfriend, Kelly Maples ("Maples"), and her nine-year-old
daughter when the sexual assault occurred. On September 22, 1998, Maples returned home early from running errands.
After she discovered that her bedroom door was locked, Menchaca opened the door and emerged from her bedroom
wearing only his boxer shorts. Inside, she discovered her daughter behind the door pulling her underwear up. As Maples
questioned Menchaca about what she had just witnessed, the girl went into a closet and cried. Maples then questioned her
daughter, but was unable to get the child to verbally answer. When asked, "Did he touch you?", the child nodded
affirmingly and indicated that it had happened "more times." Appellant eventually admitted to touching the child and
apologized to Maples and her daughter. Maples testified that the child had trouble sleeping that night because she did not
want to remain in the house. 

The next day, Menchaca moved out of the house and Maples called the police. Seadrift Police Chief Sam Huerta took the
child to the Harbor Victims Advocacy Center the next day to talk to a trained professional about the incident occurring two
days prior. Police Chief Huerta testified that he purposefully withheld further questioning of the child about the assault
because it "strengthens the case" to allow professionals to develop the information concerning the assault. Tammy
Hernandez ("Hernandez"), the executive director of the Center, then interviewed the victim, using diagrams to allow the
child to identify and point to body parts. It was during this interview, which was videotaped, that the child stated that
appellant had put his "private" into her mouth and that something came out into her mouth that she spit out because she
always had spit it out. 

During the trial, both Hernandez and Maples testified, and the child's interview was shown. Maples, who testified first,
related her daughter's allegation that appellant had put his penis in the child's mouth, even though her knowledge of that
claim was based solely on her watching of the videotape. Appellant objected to Maples' statement on hearsay grounds,
requested an instruction for the jury to disregard the statement, and moved for a mistrial. The court sustained his objection
and issued the requested instruction, but overruled the mistrial motion. 

Appellant also moved for a mistrial following testimony by Hernandez that the victim had told her that after appellant had
ejaculated in her mouth that "she spit it out, because . . . she always had spit it out." The court denied this motion for
mistrial. 

Standard of Review

In reviewing the denial of a motion for mistrial, an abuse of discretion standard is applied. Kipp v. State, 876 S.W.2d 330,
339 (Tex. Crim. App. 1994); Cano v. State, 3 S.W.3d 99, 109 (Tex. App.-Corpus Christi 1999, pet. ref'd). We review the
facts in the light most favorable to the ruling and will uphold the ruling absent an abuse of discretion. S tate v. Cabrer a, 24
S.W.3d 528, 529 (Tex. App.-Corpus Christi 2000, pet. ref'd). Additionally, a mistrial is an extreme remedy appropriate
"only when the objectionable events are so emotionally inflammatory that curative instructions are not likely to prevent the
jury from being unfairly prejudiced." Id. at 529-30.

Motion for Mistrial Based on Hearsay Evidence Improperly Admitted

In his first issue, appellant claims that the trial court should have granted his motion for mistrial due to the inclusion of
Maples's statement concerning what she learned about the sexual assault after watching the video interview. We find that
the error was harmless as well as cured by an instruction to disregard, and therefore deny this point of error.

When determining whether a trial error is harmless, the following factors should be considered: 

(1) the source of the error; (2) the nature of the error; (3) whether or to what extent it was emphasized by the State and its
probable collateral implications; (4) the weight a juror would probably place on the error, and (5) whether declaring the
error harmless would encourage the State to repeat it with impunity. 

Norman v. State, 862 S.W.2d 621, 624 (Tex. App.-Tyler 1993, pet. ref'd).

After analyzing the above factors, "an appellate court must then determine whether a rational trier of fact might have
reached a different result if the error and its effects had not resulted." Id. Also, where evidence is erroneously admitted and
the error is preserved, but elsewhere the evidence is also admitted without objection, the admission of the erroneous
evidence is rendered harmless. Leday v. State, 983 S.W.2d 713, 717 (Tex. Crim. App. 1998). 

In the present case, any error was harmless. Maples's brief description of what she learned from the videotape was
followed by the much more detailed testimony of Tammy Hernandez and the victim herself.

Furthermore, not every improper response requires reversal and, except in extreme cases, if a timely objection to the remark
is sustained, and the jury is instructed to disregard the response, the error is cured. Pena v. Stat e, 776 S.W.2d 746, 749
(Tex. App.-Corpus Christi 1989, pet. ref'd). The only exception to this rule occurs where it appears that the question or
evidence is clearly introduced to inflame the minds of the jury and is of such character as to suggest the impossibility of
withdrawing the impression produced on their minds. Thompson v. State, 612 S.W.2d 925, 928 (Tex. Crim. App. 1981).

Here, there is no evidence to show that the State's question was introduced to inflame the minds of the jury, nor that
Maples's answer was of such magnitude that an instruction to the jury to disregard would be impossible. Therefore, the
instruction to disregard cured the error. 

Finally, an appellate court should not overturn a criminal conviction alleging a nonconstitutional error if, after examining
the record as a whole, it has fair assurance that the error did not influence or had but a slight effect on the verdict. Tate v.
State, 988 S.W.2d 887, 890 (Tex. App.-Austin 1999, pet. ref'd). 

The inclusion of Maples' comment that she learned of the sexual assault at a later date does not overcome the
overwhelming evidence offered at trial, including: (1) Maples finding her daughter pulling up her underwear in the
presence of appellant, (2) the admissions of the appellant, (3) the testimony of Hernandez, and (4) the victim's own
testimony at trial. 

Appellant's first point of error is denied. 

Motion for Mistrial Based on Evidence of Extraneous Offenses

In his second issue, appellant claims that the trial court erred in refusing to grant his motion for mistrial due to the improper
admittance of evidence of extraneous offenses, specifically a statement by the victim inferring that appellant had sexually
assaulted her on prior occasions. We find that appellant failed to preserve this issue, and therefore deny this point of error.

"A defendant must make a timely objection in order to preserve an error in the admission of evidence."Dinkins v. State, 894
S.W.2d 330, 355 (Tex. Crim. App. 1995); see Tex. R. App. P. 33.1(a). An objection should be made at the earliest
opportunity, or as soon as the ground of objection becomes apparent. Johnson v. State, 803 S.W.2d 272, 291 (Tex. Crim.
App. 1990); Guzman v. State, 521 S.W.2d 267, 269 (Tex. Crim. App. 1975) (error was waived when defendant failed to
object until three objectionable questions were asked and answered). One must object every time allegedly inadmissible
evidence is offered or be in peril of waiving the objection. Braughton v. Stat e, 749 S.W.2d 528, 531 (Tex. App.-Corpus
Christi 1988, pet. ref'd). Generally, the proper method to preserve error as to inadmissable testimony is to make a timely
objection, request an instruction to disregard, and then make a motion for mistrial, although error can be preserved where
no formal objection is present, yet the judge gives an instruction to disregard the material. Coe v. Stat e, 683 S.W.2d 431,
436 (Tex. Crim. App. 1984). 

In addition, error in the admission of testimony will not be preserved by the filing of a motion in limine. Hernandez v.
State, 767 S.W.2d 902, 903 (Tex. App.-Corpus Christi 1989), aff'd, 800 S .W.2d 523 (Tex. Crim. App. 1990). A motion in
limine is generally broad in scope, rather than specific, and it seeks no definitive, final ruling on the admissibility of
specific evidence. Rawlings v. State, 874 S.W.2d 740, 743 (Tex. App.-Fort Worth 1994, no pet.)(defendant waived error
when he failed to state proper grounds for exclusion of evidence at time it was offered, even though defendant had sought
exclusion by pre-trial motion in limine). 

Appellant waived error by failing to object to either the question or the witness's answer immediately after the statement
was made. After the evidence of extraneous offenses was mentioned, without any objection by appellant's trial attorney,
counsel for the State asked six additional questions of the witness before approaching the bench to discuss the marking of
certain exhibits. A recess was called, and the jury was excused for fifteen minutes. It was at this time that defense counsel
requested an oral motion in limine to prevent the witness from discussing any other alleged sexual activity between
appellant and the victim. That motion was granted. After the admission of the State's revised exhibits, defense counsel
then made a motion for a mistrial, which was denied.

Though counsel moved for a mistrial, he neglected to make a timely objection to the testimony or request an instruction to
disregard the statement. By waiting until the State had asked six additional questions of the witness, appellant waived his
objection and failed to preserve error on the issue. See Coe, 683 S.W.2d at 436. Further, although defense counsel
protested the witness's statements during this recess, he failed to object and failed to request an instruction to the jury to
disregard the testimony. While it is noted that appellant's counsel during this recess explained his failure to object by
stating his hesitancy to call the jury's attention to the extraneous offenses by formal objection, by not timely objecting one
runs the risk of waiving a proper objection. Lastly, appellant's belated request for a motion in limine could not have
preserved the error even if it had been made prior to the objectionable testimony. See Hernandez, 767 S.W.2d at 903. 

We deny appellant's second point of error. 

Disposition

Accordingly, we affirm the judgment of conviction. 

ERRLINDA CASTILLO

Justice



Do not publish .

Tex. R. App. P. 47.3.



Opinion delivered and filed

this 31st day of August, 2001.