# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-23-00080-CR

**The State of Texas, Appellant**

**v.**

**Robert Chody, Appellee**

### FROM THE 299TH DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-DC-21-904036, THE HONORABLE KAREN SAGE, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Robert Chody was charged with tampering with or fabricating evidence and with conspiracy to tamper with or fabricate evidence. *See* Tex. Penal Code §§ 15.02, 37.09. Before trial, Chody filed a motion in limine. The trial court granted the motion in part, and the State appealed that ruling. Because we do not have jurisdiction over the State's appeal, we dismiss the appeal for want of jurisdiction.

## BACKGROUND

In March 2019, crew members from the television show Live PD were riding along with Williamson County law-enforcement officers and filming the officers' performing their duties. During the ride along, some officers initiated a traffic stop of Javier Ambler and took him into custody. Ambler ultimately died from injuries that he sustained after the traffic stop was initiated. The Live PD crew left the scene with their audiovisual equipment and their

footage from that day. Following Ambler's death, the State charged Williamson County Sheriff Chody with the offenses of tampering with or fabricating physical evidence and with conspiracy to tamper with or fabricate physical evidence, stemming from the alleged ultimate destruction of the Live PD footage. *See* Tex. Penal Code §§ 15.02, 37.09.

After being charged, Chody filed a pretrial application for writ of habeas corpus and motions to dismiss, challenging the propriety of the two counts in the indictment on multiple grounds, including federal preemption. More specifically, Chody argued that his prosecution was preempted by the federal Privacy Protection Act. *See* 42 U.S.C. §§ 2000aa-2000aa-12. Chody also filed a motion in limine requesting that the trial court issue an order prohibiting and precluding the State from arguing or introducing evidence regarding certain "enumerated matters (and any and all variations thereof)." Of significance to this appeal were five matters pertaining to Chody's legal rights and duties regarding the footage taken by the Live PD crew. Additionally, Chody asserted that the trial court should grant his request based on his federal-preemption arguments previously asserted in other motions.

When responding to the motion in limine, the State argued that the motion was not really a motion in limine because it rehashed arguments made in the prior motions seeking to dismiss the case and because it sought to prevent the State from presenting its theory of the offense and accompanying evidence to the jury. In his reply to the State's response to his motion in limine, Chody explained that he was not seeking to suppress the State's evidence and instead was seeking a preliminary determination "subject to reconsideration by the [trial court] at any[]time during the course of a trial." Chody also clarified the relief he was seeking by asking the trial court to order that "the State must approach the bench on each of the aforementioned items to seek the Court's authorization before introducing evidence or making arguments . . .

2

inconsistent with the paragraphs of" his motion in limine. The parties submitted under seal agreed stipulations of fact and evidentiary exhibits for the trial court to consider when making its ruling.

After considering the parties' arguments presented in their filings and made during a pretrial hearing, the trial court granted the motion with respect to five of the enumerated matters but denied the motion as it pertained to the remaining three matters. The trial court explained that the granting of the motion in limine was proper because there are "some factual issues out there" that may arise at trial that require the trial court to "hear evidence or . . . decide further." The trial court stated that the effect of its ruling was "exactly what a motion in limine does" and that it was "the proper remedy because it's just saying we're going to wait and see to some extent" whether the evidence is ultimately admissible. Further, the trial court noted that it had not granted and was not granting Chody's motions to dismiss the indictment.

Following the hearing, the trial court issued an order granting Chody's motion in limine as to the five topics "without prejudice to the State's right to first approach the bench and seek leave of Court to take any action, including the introduction of evidence, that might be inconsistent with the Court's pretrial, preliminary ruling." Further, the trial court explained as follows: "It is the Court's intent and ORDER that the prosecution can and must approach the bench and seek a definitive ruling, as of that time, before taking any action contrary to the scope of [the] Motion In Limine . . . and this ORDER, which includes the subject matter of each and every stipulated fact contained in the" stipulation of facts filed at the pretrial hearing. Additionally, the trial court directed the State to inform its witnesses that they cannot answer any question violating the order "without the State first approaching the bench and requesting the Court to reconsider the order."

3

The State appealed the trial court's order granting, in part, Chody's motion in limine. Upon receiving the appeal, the clerk's office for this Court sent out a letter requesting that the parties explain how the Court has jurisdiction to consider the interlocutory ruling, and both parties filed a response.

**GOVERNING LAW**

The State is entitled to appeal an order in a criminal case only when authorized by law. Tex. Const. art. V, § 26. Accordingly, in determining whether an appellate court has jurisdiction over an appeal by the State, the question to be answered "is not whether the appeal is precluded by law, but whether the appeal is authorized by law." *State v. Robinson*, 498 S.W.3d 914, 917 (Tex. Crim. App. 2016). "The State's authority to appeal in criminal cases is granted by Article 44.01 of the Texas Code of Criminal Procedure." *State v. Cowsert*, 207 S.W.3d 347, 350 (Tex. Crim. App. 2006); *see* Tex. Code Crim. Proc. art. 44.01. "The purpose of the statute is to permit the pretrial appeal of erroneous legal rulings which eviscerate the State's ability to prove its case." *State v. Medrano*, 67 S.W.3d 892, 895-96 (Tex. Crim. App. 2002). Although the statute is construed broadly, *Robinson*, 498 S.W.3d at 918, the State's right to appeal pretrial rulings is limited, *Cowsert*, 207 S.W.3d at 351. Of significance to this appeal, article 44.01 authorizes the State to appeal a trial court ruling that "dismisses an indictment, information, or complaint or any portion of an indictment, information, or complaint" or that "grants a motion to suppress evidence, a confession, or an admission, if jeopardy has not attached in the case and if the prosecuting attorney certifies to the trial court that the appeal is not taken for the purpose of delay and that the evidence, confession, or admission is of substantial importance in the case." Tex. Code Crim. Proc. art. 44.01(a)(1), (5).

4

"[T]he mere label attached either to the defendant's motion or to the trial court's order ruling on same cannot determine its appealability." *State v. Young*, 810 S.W.2d 221, 223 (Tex. Crim. App. 1991) (quoting *State v. Moreno*, 807 S.W.2d 327, 332 (Tex. Crim. App. 1991)). Accordingly, in addition to being able to appeal the types of orders listed in article 44.01, the State may also properly appeal a trial court's order whenever "the order functionally creates one of the appealable scenarios that Article 44.01 specifically enumerates." *State v. Garcia*, 638 S.W.3d 679, 681 (Tex. Crim. App. 2022); *see also Alvarez v. Eighth Ct. of Appeals*, 977 S.W.2d 590, 593 (Tex. Crim. App. 1998) (noting that if relief granted "results in one of the enumerated situations within Art. 44.01(a), the State may appeal regardless of what label is used to denominate the proceeding which results in the order being entered"); *State v. Trinidad*, No. 04-05-00550-CR, 2006 WL 2612230, at *1-2 (Tex. App.—San Antonio Sept. 13, 2006, no pet.) (mem. op., not designated for publication) (explaining that appellate courts have jurisdiction to consider appeal of ruling on motion in limine if motion is in substance motion to suppress).

However, if the order being appealed is not one of the types listed in article 44.01 and does not provide the effect of one of those orders, the appellate court has no jurisdiction to consider an appeal of the ruling. *See State v. Gault*, __ S.W. 3d __, Nos. 01-22-00157, -00364-CR, 2022 WL 4830811, at *4-5 (Tex. App.—Houston [1st Dist.] Oct. 4, 2022, no pet. and orig. proceeding). Whether appellate courts have jurisdiction over an appeal "is a question of law that [appellate courts] review de novo." *Bell v. State*, 569 S.W.3d 241, 244 (Tex. App.—Houston [1st Dist.] 2018), *vacated on other grounds*, No. PD-1383-18, 2021 WL 2677442, at *1 (Tex. Crim. App. June 30, 2021) (op., not designated for publication).

## DISCUSSION

In its response to the letter from the clerk's office, the State filed under seal a brief asserting that this Court has jurisdiction to consider the propriety of the trial court's ruling on Chody's motion for several related reasons. When asserting that this Court has jurisdiction, the State highlights that Chody originally sought dismissal of the charges against him on the ground that the prosecution is barred by federal preemption, that Chody incorporated the preemption arguments into his motion in limine, and that the trial court stated during the pretrial hearing that the Privacy Protection Act applied. Building on the preceding, the State contends that this Court has jurisdiction over this appeal because the trial court's ruling eviscerated the State's ability to prove its case and effectively constituted a dismissal of the indictment or the granting of a motion to suppress. *See* Tex. Code Crim. Proc. art. 44.01(a)(1), (5).

While arguing that its case has been eviscerated, the State contends that the trial court's ruling prohibits the State from presenting evidence regarding a key component of its theory of the case. Similarly, the State alleges that the ruling prohibits the State from conducting a meaningful voir dire and presenting its theory of the case during its opening statement. Although the State notes that the trial court suggested that there could be circumstances and legal theories to which preemption would not apply, the State urges that none of the hypotheticals presented by the trial court match the facts of this case or the State's theory of the case and, accordingly, that the hypotheticals could not resuscitate the State's now-eviscerated prosecution. When presenting its arguments, the State recognizes that the trial court indicated at the hearing and in its order that it would reconsider its ruling as warranted and directed the State to approach the court before presenting the evidence at issue, but the State asserts that this is similar to a ruling on a motion to suppress, which also may be revisited at trial. *See Black v. State*, 362 S.W.3d 626,

6

635 (Tex. Crim. App. 2012). Finally, the State contends that if this Court were to conclude that the trial court's ruling is not subject to review on appeal, that will encourage other defendants to present similar claims in motions in limine and undermine the State's ability to appeal.

A motion in limine "is a motion requesting that the opposing party be directed to approach the trial court before offering certain types of evidence, asking certain questions, or otherwise going into particular areas before the jury." *Harnett v. State*, 38 S.W.3d 650, 655 (Tex. App.—Austin 2000, pet. ref'd). "A motion in limine is 'a method of raising objection to an area of inquiry prior to the matter reaching the ears of the jury through a posed question, jury argument, or other means.'" *Thierry v. State*, 288 S.W.3d 80, 86 (Tex. App.—Houston [1st Dist.] 2009, pet. ref'd) (quoting *Norman v. State*, 523 S.W.2d 669, 671 (Tex. Crim. App. 1975)). It is a preliminary ruling by a trial court that "is subject to reconsideration throughout trial." *Allen v. State*, 473 S.W.3d 426, 442 (Tex. App.—Houston [14th Dist.] 2015, pet. dism'd, improvidently granted); *see Norman*, 523 S.W.2d at 671 (noting that motion in limine is "by its nature, subject to reconsideration throughout the course of the trial").

Although there are similarities between a motion in limine and a motion to suppress, "[t]he principal difference between the two is that the ruling on a motion in limine is a preliminary ruling only," meaning that "the party making the motion must still object when the evidence is offered during the trial," whereas a motion to suppress "is a definitive ruling" that does not require the party "to object when the evidence is offered." *Carlisle v. State*, 818 S.W.2d 156, 158-59 (Tex. App.—Houston [1st Dist.] 1991, no pet.); *see also id.* (noting that motion in limine is preliminary ruling because trial courts typically are not in position to rule on admissibility of evidence before trial starts). The differing natures of the two types of motions lead to different appellate consequences. For example, unlike a suppression ruling, a ruling on a

motion in limine typically preserves nothing for appeal. *See Fuller v. State*, 253 S.W.3d 220, 232 (Tex. Crim. App. 2008); *Baxter v. State*, No. 14-20-00716-CR, 2022 WL 2517121, at *7-8 (Tex. App.—Houston [14th Dist.] July 7, 2022, pet. ref'd) (mem. op., not designated for publication). Additionally, article 44.01 does not list a motion in limine as a type of order from which the State may appeal, *see* Tex. Code Crim. Proc. art. 44.01, and the State does "not have the authority to appeal from the granting of a motion in limine," *Trinidad*, 2006 WL 2612230, at *1.

Even though Chody incorporated the arguments that he had made in his other motions, as set out above, Chody used those argument as a basis for why the preliminary ruling requested in his motion in limine should be granted, clarified in his accompanying memorandum that he was not seeking to suppress the evidence through the motion, and did not request that the indictment or portions of it be dismissed. Instead, he stated in his reply to the State's response that he was seeking "a preliminary determination . . . subject to reconsideration . . . at any time" that the State be directed not to mention or present evidence regarding the listed matters and that the State be directed to approach the trial court for approval before introducing evidence or making arguments inconsistent with the motion in limine.

Similarly, the trial court indicated during the hearing that its ruling granting the motion in part was not definitive and was subject to reconsideration. Specifically, the trial court explained that granting the motion in limine was appropriate under the circumstances because once witnesses are called and "these issues come up," the court may "need to hear evidence or . . . decide further." In other words, the trial court stated that granting the motion in limine will allow it "to wait and see" if the evidence should be admitted. Additionally, the trial court's order directed the State to approach the bench to seek a definitive ruling before presenting evidence or

discussing the topics covered by the motion in limine and informed the State that it may ask the trial court to reconsider its ruling.

In light of the preceding, we cannot agree with the State's assertions that Chody's motion effectively constituted a motion to suppress evidence or a motion to dismiss all or any portion of the indictment and that the trial court's ruling definitively suppressed evidence or dismissed either or both charges against Chody. *See State v. Kaiser*, 822 S.W.2d 697, 701 (Tex. App.—Fort Worth 1991, pet. ref'd) (explaining that "controlling factor in determining the nature of an appeal is the legal effect of the trial court's ruling"); *see also Cowsert*, 207 S.W.3d at 351 (noting that subarticle 44.01(a)(5) "clearly limits the State's right to appeal to orders granting motions to suppress evidence"); *Trinidad*, 2006 WL 2612230, at *1-2 (treating motion in limine as motion to suppress where motion requested that trial court prohibit admission of evidence and where trial court explained in hearing that its ruling suppressed evidence). Consistent with the relief provided by a motion in limine, the trial court's ruling directed the State to approach the trial court before seeking to present evidence or mention the topics covered by the portion of the motion in limine granted by the trial court. *See Harnett*, 38 S.W.3d at 655; *see also Carlisle*, 818 S.W.2d at 159 (noting that motion was suppression motion because it requested that evidence be entirely excluded rather than requesting that State approach and inform trial court before it intended to offer evidence). Further, the trial court indicated that its ruling was a preliminary one that could be readdressed at any point and that it may need to hear additional evidence later to make a final determination. *See Carlisle*, 818 S.W.2d at 158.

Although the State correctly points out that the trial court outlined during the pretrial hearing certain hypothetical theories in which it could envision changing its ruling and although the State contends that none of those hypotheticals align with its theory of the

9

prosecution, the trial court did not specify that the hypothetical situations were the only circumstances in which it would admit evidence relating to the five topics or that it would not consider revisiting its ruling entirely. Further, even though the State asserts that the trial court's ability to revisit its ruling should not lead to a conclusion that the trial court's ruling granted a motion in limine because trial courts can revisit suppression rulings too, that similarity without more is not sufficient to transform the trial court's preliminary and nondefinitive ruling into a definitive ruling more closely resembling a suppression ruling. *See id.*; *see also Cowsert*, 207 S.W.3d at 351 (noting that "[t]he right of the State to request, and the right of the trial court to reconsider, pretrial rulings are distinct from the State's limited right to appeal court orders granted by Article 44.01"). Additionally, although the State warns that failing to provide an appeal in the circumstances present here could result in other defendants' seeking relief through motions in limine that might undermine the State's appellate rights, we note that motions in limine have consistently been treated differently from suppression motions for appellate purposes, *see Fuller*, 253 S.W.3d at 232; *Trinidad*, 2006 WL 2612230, at \*1, and that a determination that the State can appeal the type of preliminary and nondefinitive ruling at issue here would significantly expand the State's ability to appeal beyond those rulings specifically authorized by the legislature, *see* Tex. Code Crim. Proc. art. 44.01; *Robinson*, 498 S.W.3d at 917.

For these reasons, we conclude that the State is attempting to appeal a trial court order granting in part a motion in limine. Accordingly, we must also conclude that we do not have jurisdiction to consider the State's appeal. *See* Tex. Code Crim. Proc. art. 44.01(a); *Gault*, 2022 WL 4830811, at \*4-5; *Trinidad*, 2006 WL 2612230, at \*1.

10

## CONCLUSION

Having determined that we do not have jurisdiction in this case, we dismiss the State's appeal for want of jurisdiction.

_____

Thomas J. Baker, Justice

Before Justices Baker, Smith, and Jones[*]

Dismissed for Want of Jurisdiction

Filed:   May 18, 2023

Do Not Publish

[*]Before J. Woodfin Jones, Chief Justice (Retired), Third Court of Appeals, sitting by assignment. *See* Tex. Gov't Code § 74.003(b).

11