# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-23-00079-CR

**The State of Texas, Appellant**

**v.**

**Jason Nassour, Appellee**

### FROM THE 299TH DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-DC-21-904035, THE HONORABLE KAREN SAGE, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Jason Nassour was charged with tampering with or fabricating physical evidence and with conspiracy to tamper with or fabricate physical evidence. *See* Tex. Penal Code §§ 15.02, 37.09. Before trial, Nassour's co-defendant filed a motion in limine, which Nassour joined. The trial court granted the motion in part, and the State appealed that ruling. Because we do not have jurisdiction over the State's appeal, we dismiss the appeal for want of jurisdiction.

## BACKGROUND

Nassour and his co-defendant, were indicted for the offenses of tampering with or fabricating physical evidence and for conspiracy to tamper with or fabricate physical evidence. *See* Tex. Penal Code §§ 15.02, 37.09.

After being charged, Nassour's co-defendant filed a pretrial application for writ of habeas corpus and motions to dismiss, challenging the indictment and arguing that his

prosecution was preempted by the federal Privacy Protection Act. *See* 42 U.S.C. §§ 2000aa-2000aa-12. Nassour's co-defendant also filed a motion in limine requesting that the trial court issue an order prohibiting and precluding the State from arguing or introducing evidence regarding certain "enumerated matters (and any and all variations thereof)." Nassour joined the motion in limine and the defendants argued in support of it jointly. Of significance to this appeal were five matters pertaining to the defendants' legal rights and duties regarding video footage that is the subject of the tampering and conspiracy charges. Additionally, the defendants' joint memorandum in support of the motion incorporated the previously filed motions and again asserted federal-preemption arguments.

When responding to the motion in limine, the State argued that the motion was not really a motion in limine because it rehashed arguments made in the prior motions seeking to dismiss the case and because it sought to prevent the State from presenting its theory of the offense and accompanying evidence to the jury. In their reply to the State's response to the motion in limine, the defendants explained that they were not seeking to suppress the State's evidence and instead were seeking a preliminary determination "subject to reconsideration by the [trial court] at any[ ]time during the course of a trial." They also asked the trial court to order that "the State must approach the bench on each of the aforementioned items to seek the Court's authorization before introducing evidence or making arguments . . . inconsistent with the paragraphs of" the motion in limine. The parties submitted under seal agreed stipulations of fact and evidentiary exhibits for the trial court to consider when making its ruling.

After considering the parties' arguments presented in their filings and made during a pretrial hearing, the trial court granted the motion with respect to five of the enumerated matters but denied the motion as it pertained to the remaining three matters. The trial court

explained that the granting of the motion in limine was proper because there are "some factual issues out there" that may arise at trial that require the trial court to "hear evidence or . . . decide further." The trial court stated that the effect of its ruling was "exactly what a motion in limine does" and that it was "the proper remedy because it's just saying we're going to wait and see to some extent" whether the evidence is ultimately admissible. Further, the trial court noted that it had not granted and was not granting the motions to dismiss the indictment.

Following the hearing, the trial court issued an order partially granting the motion in limine "without prejudice to the State's right to first approach the bench and seek leave of Court to take any action, including the introduction of evidence, that might be inconsistent with the Court's pretrial, preliminary ruling." Further, the trial court explained as follows: "It is the Court's intent and ORDER that the prosecution can and must approach the bench and seek a definitive ruling, as of that time, before taking any action contrary to the scope of [the] Motion In Limine . . . and this ORDER, which includes the subject matter of each and every stipulated fact contained in the" stipulation of facts filed at the pretrial hearing. Additionally, the trial court directed the State to inform its witnesses that they could not answer any question in contravention of the order "without the State first approaching the bench and requesting the Court to reconsider the order."

The State appealed the trial court's order granting, in part, defendants' motion in limine.

## DISCUSSION

The State is entitled to appeal an order in a criminal case only when authorized by law. Tex. Const. art. V, § 26. "The State's authority to appeal in criminal cases is granted by

Article 44.01 of the Texas Code of Criminal Procedure." *State v. Cowsert*, 207 S.W.3d 347, 350 (Tex. Crim. App. 2006); *see* Tex. Code Crim. Proc. art. 44.01. "The purpose of the statute is to permit the pretrial appeal of erroneous legal rulings which eviscerate the State's ability to prove its case." *State v. Medrano*, 67 S.W.3d 892, 895–96 (Tex. Crim. App. 2002). As relevant here, the State may appeal a trial court ruling that dismisses an indictment or grants a motion to suppress or an order that acts as the functional equivalent. Tex. Code Crim. Proc. art. 44.01(a)(1), (5); *State v. Trinidad*, No. 04-05-00550-CR, 2006 WL 2612230, at *1–2 (Tex. App.—San Antonio Sept. 13, 2006, no pet.) (mem. op., not designated for publication) (explaining that appellate courts have jurisdiction to consider appeal of ruling on motion in limine if motion is in substance motion to suppress). Article 44.01 does not list a motion in limine as a type of order from which the State may appeal, *see* Tex. Code Crim. Proc. art. 44.01, and the State does "not have the authority to appeal from the granting of a motion in limine," *Trinidad*, 2006 WL 2612230, at *1. "The mere label attached either to the defendant's motion or to the trial court's order ruling on same cannot determine its appealability." *State v. Moreno*, 807 S.W.2d 327, 332 (Tex. Crim. App. 1991).

When the order being appealed is not one of the types listed in article 44.01 and does not provide the effect of one of those orders, the appellate court has no jurisdiction to consider an appeal of the ruling. *See State v. Gault*, —— S.W.3d ——, Nos. 01-22-00157, -00364-CR, 2022 WL 4830811, at *4–5 (Tex. App.—Houston [1st Dist.] Oct. 4, 2022, no pet. and orig. proceeding). "Whether [appellate courts] have jurisdiction is a question of law, which [appellate courts] review de novo." *Bell v. State*, 649 S.W.3d 867, 884 (Tex. App.—Houston [1st Dist.] 2022, pet. ref'd).

Here, whether we have jurisdiction to review the trial court's order turns on whether the challenged order granted a motion to suppress, as the State argues, or a motion in limine, as Nassour argues. For the reasons discussed below, the challenged order granted in part a motion in limine. *See State v. Chody*, No. 03-23-00080-CR, 2023 WL 3512601, at *5 (Tex. App.—Austin May 18, 2023, no pet. h.) (mem. op., not designated for publication) (concluding that same Order that is currently challenged, was partial grant of motion in limine and dismissing for want of jurisdiction).

A motion in limine "is a motion requesting that the opposing party be directed to approach the trial court before offering certain types of evidence, asking certain questions, or otherwise going into particular areas before the jury." *Harnett v. State*, 38 S.W.3d 650, 655 (Tex. App.—Austin 2000, pet. ref'd). Although there are similarities between a motion in limine and a motion to suppress, "[t]he principal difference between the two is that the ruling on a motion in limine is a preliminary ruling only, and the party making the motion must still object when the evidence is offered during the trial," whereas a motion to suppress "is a definitive ruling, and the party is not required to object when the evidence is offered." *Carlisle v. State*, 818 S.W.2d 156, 158–59 (Tex. App.—Houston [1st Dist.] 1991, no pet.).

In support of its argument that we have jurisdiction, the State argues that the trial court's order effectively constituted a dismissal of the indictment or the granting of a motion to suppress because: (1) the arguments made by the defendants in support of the motion in limine incorporated the federal preemption arguments made in their earlier motions to dismiss the charges; (2) the trial court stated during the pretrial hearing that the Privacy Protection Act applied; and (3) the trial court's ruling eviscerated the State's ability to prove its case. These are the same arguments presented by the State and rejected by this Court in Nassour's

5

co-defendant's appeal. *See Chody*, 2023 WL 3512601, at *3–5. For the same reasons explained in detail there, we also conclude that we do not have jurisdiction here.

Specifically, although the defendants' motion in limine used the same arguments from their previous motions to dismiss, it also made clear that the relief being sought was different. Their reply to the State's response specified that they were seeking "a preliminary determination . . . subject to reconsideration . . . at any time," that the State be directed not to mention or present evidence regarding the listed matters, and that the State be directed to approach the trial court for approval before introducing evidence or making arguments inconsistent with the motion in limine. The trial court explained that it was granting in part the motion in limine and denying the motions to dismiss, although based on similar arguments, because it needed to hear the evidence and see what issues would arise. The trial court's order directed the State to approach the bench to seek a definitive ruling before presenting evidence or discussing the topics covered by the motion in limine and informed the State that it may ask the trial court to reconsider its ruling. For these reasons, we conclude that the State is attempting to appeal a trial court order granting in part a motion in limine. *See State v. Kaiser*, 822 S.W.2d 697, 701 (Tex. App.—Fort Worth 1991, pet. ref'd) (explaining that "controlling factor in determining the nature of an appeal is the legal effect of the trial court's ruling"); *Trinidad*, 2006 WL 2612230, at *1–2 (treating motion in limine as motion to suppress where motion requested that trial court prohibit admission of evidence and where trial court explained in hearing that its ruling suppressed evidence). Thus, we do not have jurisdiction to consider the State's appeal. *See* Tex. Code Crim. Proc. art. 44.01(a); *Gault*, 2022 WL 4830811, at *4–5.

**CONCLUSION**

Having determined that we do not have jurisdiction in this case, we dismiss the State's appeal for want of jurisdiction.

_____

Darlene Byrne, Chief Justice

Before Chief Justice Byrne, Justices Baker and Smith

Dismissed for Want of Jurisdiction

Filed:   July 13, 2023

Do Not Publish